STATE OF VERMONT *v.* ORAMEL H. FREEMAN.

Where it becomes necessary, in charging the commission of an offence, to allege that a certain term of a county court was duly holden, it is not sufficient to allege that it was holden by and before the chief judge of such court, without mention of any assistant judge. If either of the judges is named, it should appear that, at least, a quorum of the court held the term.

So if it be alleged that a particular cause was tried, by and before the chief judge, it should appear that one or both of the other judges assisted to try it, or that they were unable or disqualified to sit on the trial.

THIS was an indictment for a misdemeanor, charging that the respondent, being a deputy sheriff in attendance upon the Caledonia county court, at its June term, A. D. 1841, and as such officer of said court, having the private charge of a jury, who had retired to agree upon their verdict in a certain cause, conversed with said jury touching the merits of said cause, and attempted to influence their verdict in the same, in violation of his official oath and duty.

The indictment, after the caption, commenced as follows : "The grand jurors within and for the body of the county of 'Caledonia aforesaid, now here in court duly empannelled 'and sworn, upon their oath present, — that heretofore, to 'wit, at the county court begun and holden at Danville, with- 'in and for the county of Caledonia, on the first Tuesday of 'June, in the year of our Lord one thousand eight hundred 'and forty one, *by and before* the Hon. Isaac F. Redfield, 'chief judge, there came on for trial a certain action 'then pending in said court." &c. The county court having adjudged the indictment sufficient on demurrer, the respondent brought the case into this court upon exceptions to that decision.

*Upham* and *Stoddard*, for the respondent.

The indictment is defective, because it is therein alleged that the action in favor of *Parks & Co.* v. *Richardson*, was tried before the county court *begun* and *holden* at Danville, &c., *by and before the Hon. Isaac F. Redfield, chief judge.* The chief judge, we say, had no authority to *open* and *hold* the court; consequently, all proceedings before him were *coram non judice*.

The statute provides there shall be, in each county, a

CALEDONIA, county court, to consist of one chief judge and two assistant
*March,*
1843. judges, to be appointed for each county, any two of whom
shall be a quorum. Stat. ch. 25, p. 159, § 3. Sec. 28 pro-
State
*v.* vides for the trial of a cause by one judge, when the other
Freeman.
judges *present* are legally disqualified to act on the trial of
such cause. But no provision is made for one judge, in the
absence of the other two, to open the court or try a cause.

The defendant is charged in the indictment with an attempt
to "impede and corrupt the administration and due course
of justice." Now, if chief justice Redfield had no right to
begin and hold the court, there was no administration of
justice for the defendant to *impede, prevent,* or *corrupt.*

No precedent can be produced in support of this indict-
ment. If chief justice Redfield had power, under any cir-
cumstances, to begin and hold a county court, the case might
be different, but he has none.

What answer then can be given to this objection ? The
allegation, that the court was *begun and holden by and
before the Hon. Isaac F. Redfield,* is clear and unequivocal,
and cannot be denied. Can it be rejected as surplusage?
We think not ; for it is a necessary ingredient in the offence.

Again, it is a general rule, that an allegation in pleadings,
which is sensible and consistent in the place where it occurs,
and not repugnant to antecedent matter, cannot be rejected
as surplusage, though laid with a *vide licet,* however incon-
sistent it may be with an allegation subsequent. *Rex* v.
*Stevens,* 5 East, 244 ; Arch. Pl. & Ev. 112, 113 ; Arch.
Crim. Pl. 56.

The rule that allegations, not essential to constitute the
offence, may be rejected as surplusage, does not extend to
allegations, necessary or unnecessary, which are descriptive
of the identity of that which is legally essential to the charge.
Arch. Crim. Pl. 107, 108.

*C. P. Howard,* State's attorney.

We find no form given either in the common law, or by
statute, for this offence. The only form found that bears any
resemblance or analogy to this, is the indictment for perjury
and, perhaps, subornation of perjury, in which cases it is
necessary to describe, and set forth in the indictment, the
court or authority, before whom the perjury was committed.

It is contended by the government that this indictment is drawn in conformity to several precedents found in the books. True, all those precedents are indictments for perjury, but why should the prosecuting attorney be required to use greater care, or more strictness and certainty in drawing an indictment for a misdemeanor than for perjury ? 2 Chit. C. L. 186, 189, 192, 231, 249, 251. " An indictment for perjury at the assizes may however, allege the oath to have been taken before one of the judges in the commission, though the names of both are inserted in the exception." 1 Chit. C. L. 243–4 ; 14 East. 218 ; n. *a;* 1 Leach, 179, 150 ; 5 T. R. 311 ; 1 Leach, 192.

We think the foregoing precedents and authorities, together with the fact, that it is literally true that the cause was tried before the Hon. Isaac F. Redfield, are sufficient to support this indictment, in the absence of any form or precedent given for the offence for which respondent is indicted.

Should the court, however, consider that the authorities and the arguments adduced do not warrant the conclusion to which we have arrived, we contend, that the objectionable part of the indictment should be struck out, as surplusage ; and that the description of the court, before which the action came on for trial, is perfect, and set forth with legal certainty, after striking out the objectionable part ; and the prosecuting officer would have omitted that part, had he not undertaken to follow some of the above precedents.

The distinction between material and immaterial averments is perfectly well settled in criminal as well as civil cases ; and if the averment be material, that is, if it be connected with the charge, it must be proved ; but if it be wholly superfluous it may be thrown out of the question. 1 Chit. C. L. 453.

" It is a general rule, that whenever an averment may be *wholly* rejected without prejudice to the charge or action, proof is unnecessary." 3 Stark. Ev. 1533 ; 2 East, 452 ; Mann. Dig. 381 ; 2 Church Dig. 725 ; 4 Pick. 252.

The opinion of the court was delivered by

ROYCE, J. — The first question is, whether the name of the judge, where it occurs in the commencement of the count, refers to the holding of the county court for the June term, A. D. 1841, or to the trial of the action there mentioned. The

more obvious application is to the holding of the court.   This construction is according to the usual rules of composition and punctuation, whilst it corresponds with the English forms in cases having the nearest resemblance to the present.   In-dictments for perjury,  committed in trials at *nisi prius*, as given in those forms, uniformly introduced the name of the judge by whom the court was holden.   The expressions here used *may*, doubtless, be taken to refer to the trial of the ac-tion.   But this becomes a less plausible and consistent read-ing when it is considered, that in our  practice such a refer-ence to the particular judge, or judges, by whom a cause was tried in the county or supreme court, is not only quite unu-sual, and perhaps unprecedented, but altogether useless.   A trial in either of these courts proceeds under the collective authority of the court.   And if it so happens that one judge may legally try a particular cause, he possesses, *pro hac vice*, the judicial power of the  entire court, and, indeed, becomes the court.   There is, therefore, no more occasion for naming the single judge in that instance, than for naming all the judges in common cases.  The trial is as much by the court in one case as the other.

But the English forms of indictments for  perjury will be found to differ in this respect, as they  relate  to a trial at *nisi prius*, or to a trial at bar.   In the former case the name of the judge is mentioned, whilst in the  latter none of the judges, composing the court or acting in the trial, are named. There is a reason for this difference, arising from the differ-ence of authority under  which the judges act in  the two cases.  In the former, the authority is by special assignment for the particular term or circuit ; in the latter, it is a permanent authority derived immediately from the law.   Hence, in order to show that there was a legal session for holding pleas in the one case, the name of the judge and his appointment to that service should be alleged ; but in the  other, no special appointment being necessary, neither the names of the judges, nor their authority to act as such, need be averred.   The authority in one case emanates from the special appoint-ment ; in the other it is inherent in the court as a permanent tribunal.   And such is the case here.   It appears, therefore, that if the present indictment is understood, in this particu-lar, as being descriptive of the authority by which the term

CALEDONIA,
March,
1843.

was holden, it receives no support from precedent. Neither can it derive any from our statute, which expressly requires at least two of the judges, to constitute a legal county court for the transaction of business.

Upon the other construction the indictment would appear to be no less defective. One judge of the county court has no general authority to try a cause. He can only do so when the other judges present ( and there must be one such at least ) " are legally disqualified to act on the trial of such cause." R. S. ch. 25, § 28. Consequently, in order to show such a trial to have been competent and legal, it should be alleged that the other judges were disqualified to act in it.

But it is urged that the name of the judge may be striken from the indictment as surplusage. The distinction is between averments which are material and pertinent, and those which are wholly immaterial or not pertinent. Now it would doubtless have been sufficient in this instance to say that the term was duly holden, without naming any of the judges. But since it could not be holden to any effective purpose without judges, the name of the judge alleged to have held it, becomes descriptive of the court, and the holding of the term. The name is thus rendered material and cannot be rejected.

The result is, that upon no ground can the indictments be sustained without the aid of those intendments which are never extended to the support of a criminal accusation.

Judgment that the indictment is insufficient.