State *v.* England.

⎯⎯⎯⎯

THE STATE, Respondent, *vs.* ENGLAND, Appellant.

1. An indictment commenced thus: " State of Missouri, county of Hickory. The grand jurors for the state of ⎯⎯⎯, empanneled, charged and sworn," &c. *Held,* sufficient.

### *Appeal from Hickory Circuit Court.*

*F. P. Wright,* for appellant. 1. The indictment does not run in the name of the state of Missouri, as required by the constitution. 2. It is submitted that a new trial should have been granted on account of the failure of proof.

*Gardenhire,* (attorney general,) for the State.

RYLAND, Judge, delivered the opinion of the court.

The grand jury, at the September term, in the year eighteen hundred and fifty-two, of the Circuit Court, within and for the county of Hickory, indicted Joseph England, with some three others, for gaming.

At the September term, 1853, the defendant, England, and two of the others, appeared in court, and filed their motion to quash the indictment, which motion is as follows: " The said defendants come and move the court to quash the indictment, because the same is insufficient in law, because it does not state that the grand jurors were of the state of Missouri, and for other reasons."

The court overruled this motion, and the defendants then plead not guilty; a jury was empanneled, which found the defendants guilty, and assessed their punishment at a fine of ten dollars each.

The defendants afterwards moved for a new trial, which was refused them. They then moved in arrest of judgment as follows: "The defendants come and move the court to arrest the judgment in this cause, because the judgment is insufficient in law; because the prosecution is not in the name of the state of Missouri, and for other causes." This motion the court also overruled; the defendant, England, excepted, and filed his bill of exceptions, and brings the case here by appeal.

This court will not notice the motion for a new trial; there was evidence touching the charge against the defendants, and the weight and sufficiency of it, to establish the guilt, was properly left to the jury; their verdict was satisfactory to the court before which the trial was had, and this court will not interfere in such a case.

1. The main question relied on for the reversal of the judgment of the Circuit Court, arises on the indictment itself. The appellant's counsel contends that this prosecution is not carried on in the name of the state, as is required by our state constitution. It becomes this court, therefore, to examine this indictment carefully. The indictment is as follows, to-wit:

"State of Missouri, ⎱ In the Hickory Circuit Court — Sep-
"County of Hickory, ⎰ tember term, A. D. 1852.

"The grand jurors for the state of ———, empanneled, charged and sworn to inquire within and for the body of the county of Hickory aforesaid, upon their oath present, that Joseph England, David Low, Young J. Skinner and John H. Brannon, late of the county of Hickory aforesaid," &c., (charging the offence properly,) and then concludes thus: "contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

The defect complained of consists in omitting to insert the

word " *Missouri*" after the words " state of," in the commencement of the indictment.

All writs and process shall run, and all prosecutions shall be conducted in the name of the " State of Missouri." All writs shall be tested by the clerk of the court from which they shall be issued; and all indictments shall conclude " against the peace and dignity of the state." State constitution, art. 5, section 19.

Here the indictment begins, by stating in the margin thus : " State of Missouri, county of Hickory. The grand jurors for the state of ———, empanneled, charged and sworn to inquire within and for the body of the county of Hickory aforesaid," &c. Now suppose the word " of" had been omitted, could it be doubted that the prosecution was in the name of the state ? Here, the first words of the indictment are, " State of Missouri, county of Hickory ;" and the grand jurors are empanneled, charged and sworn to inquire within and for the body of the county aforesaid ; that is, the body of Hickory county, in the state of Missouri. The grand jurors of the " state." What state ? Missouri, beyond a doubt. Then the word " of" cannot change or affect the meaning and certainty of the previous words. Let the word " of" stand, it will and can do no harm ; it is merely useless and nonsensical : reject it, and it is plain to be seen that the whole proceeding is in and for the state of Missouri.

The record shows that, at a circuit court of the seventh judicial circuit of the state of Missouri, begun and held at the court house, in the town of Hermitage, in the county of Hickory, within and for said county of Hickory, on Monday, the 27th day of September, 1852, when and where the sheriff of Hickory county returned into court his *venire facias* for a grand jury, the grand jury were empanneled and charged, and returned into court the following indictment ; then comes the indictment in this case.

I know there is much said in the old books about grand ju-

rors being sworn, charged and empanneled, to enquire as well for the king as also for the body of the county. There are forms both ways on this subject, and the English forms generally use the words, " the grand jurors of our lord, the king," &c. ; yet I do not consider the omission of the word " Missouri," in the commencement of this indictment, in any way fatal. The indictment is sufficiently good to support the judgment, and the Circuit Court very properly overruled the motion in arrest. Its judgment therefore, with the concurrence of Judge Gamble, is affirmed.