THE STATE, Appellant, *vs.* FREEMAN, Respondent.

1. In an indictment for felonious wounding, under the 38th section of the 2d article of the act concerning crimes and punishments, (R. C. 1845,) no venue to the wounding is necessary, if there is a venue to the assault and stroke which caused it.

2. The omission of the word "present" in the commencement of an indictment, is not a valid objection to it. (SCOTT, J., dissenting.)

## *Appeal from Hickory Circuit Court.*

The defendant was indicted under the 38th section of the 2d article of the act concerning crimes and punishments, (R. C. 1845.) The record showed that the indictment was presented and returned into the Circuit Court of Hickory county, by a grand jury empannelled and sworn. The indictment itself was as follows :

" The grand jury for the state of Missouri, empannelled, charged and sworn, to inquire within and for the body of the county of Hickory, upon their oath——, that Silas M. Freeman, late, &c., on, &c., with, &c., at, &c., in and upon one William Freeman, in the peace of the state then and there being, unlawfully and feloniously an assault did make, and that the said Silas M. Freeman did then and there, with force and arms, unlawfully and feloniously, and with a certain iron shovel, which he, the said Silas M. Freeman, in his right hand then and there held, the said William Freeman did then and there beat, bruise, and wound in and upon the face and body and arms of him, the said William Freeman, whereby he the said William Freeman was greatly wounded and disfigured, and received great bodily harm, contrary," &c.

A motion to quash this indictment was sustained by the Circuit Court.

*Gardenhire,* (attorney general,) for the State.

No appearance for respondent.

LEONARD, Judge, delivered the opinion of the court.

1. This *indictment* ought not to have been quashed. There is nothing in the objection as to the venue—time and place are formally laid to all the acts charged to have been committed by the defendant—the assault and battery, and wounding—and there was no necessity, according to the strictest rules of the common law upon this subject, to lay a venue to the statement in reference to the effect of the act done—the allegations " whereby the prosecutor was greatly wounded, disfigured, and received great bodily harm."

2. Neither is the omission of the word " present," in the commencement of the indictment, a valid objection here. A little consideration will make this matter plain enough. The whole statement of the facts constituting the offence—every matter found by the grand jurors upon their oaths—the accusation—all that in strictness constitutes the indictment, follows the omitted word. The commencement of the indictment is but a recital of certain preliminary facts, only necessary to be stated in order to render the instrument intelligible of itself, without having reference to the files and records of the court where it was fonnd. When the record is drawn up in form, the indictment is preceded by a caption, which states the style and meeting of the court, the time and place where it was found, and the jurors by whom it was found ; and then the short, formal recital of these facts, usually prefixed to the body of the indictment, is omitted, or rather is superseded by the caption, which states the same facts more at large and with greater precision. The form of a caption may be seen in 3 Bac. Abr., tit. Indictment, let. I, and in Whart. C. L. 3d ed., p. 150, 151 ; and, if it had been formally drawn up in the present instance, it would have recited that, " at a Circuit Court holden for the county of Hickory, at, &c., on, &c., before, &c., by the oaths of, &c., (naming the grand jurors,) good and lawful men, &c., it is presented that Silas M. Freeman, on," &c., reciting the indictment in the words of it, to the end, and the error

State v. Freeman.

now alleged would not have appeared, or rather would have been supplied by the caption.

But, in our practice, the caption is not always drawn up in form; but upon appeal, or in error, copies of all the entries upon the record in relation the matter are sent to this court, and these are accepted here in lieu of the formal caption, that it was the duty of the clerk to have drawn up from them.

The caption, of course, is no part of the indictment; but it must appear upon the face of the record, while the cause is in the court where the indictment was found, and from the transcript of the record, after its removal into this court upon appeal or writ of error, not only that the indictment is sufficient in form and substance, but also that it was properly preferred by a lawful grand jury to a court having jurisdiction over the matter; and if all this does not appear, it is error of which the defendant may take advantage. (Whart. Crim. Law, 3d ed., p. 150, 154.) But if it does appear, it is sufficient, although the commencement of the indictment be wholly omitted, and certainly all this does sufficiently appear upon this record, although not as formally as it would have appeared had the record been drawn up in due form. Our law (Practice and Proceedings in Criminal Cases, art. 3, secs. 20, 21) requires the foreman of the grand jury, when twelve of the grand jurors concur in finding an indictment, to certify upon it, under his hand, that it is a true bill, and to present it to the court in the presence of the jury; and this record shows that this indictment was so certified by the foreman, and presented to the court against the defendant, for a felonious assault. The body of the indictment, without the commencement, contains a formal narration of every matter necessary to constitute the alleged offence, and this the record shows was presented by the grand jurors, upon their oaths, to the court, as a written accusation against the defendant.

The judgment must be reversed, and the cause remanded; Judge Ryland concurring; Judge Scott dissenting.