## SAWYER *v.* THE STATE.

17  435,
0157 537

The record of the trial of a criminal charge upon indictment must show, on appeal, by a caption to the indictment, or other proper entry, that a grand jury was impanneled at the term at which the indictment was found; and that the grand jury returned the indictment into Court.

APPEAL from the *Hendricks* Circuit Court.                    *Thursday,*
*December* 12.
PERKINS, J.—Indictment in the *Hendricks* Circuit Court, charging *Iredell Sawyer* with the murder of *James H. Cooper*, and *Thornton Sawyer* as an aider and abettor of the murder.

The case now before us is the record of the trial of *Thornton Sawyer*, for aiding, &c. The indictment in the case is good enough, in itself considered. It first accurately charges the murder by *Iredell;* and, in a second paragraph, the aiding and abetting of that murder by *Thornton*.

The trial in the Court below, in its actual proceedings, was regular and formal, but, on appeal to this Court, the record does not show who the grand jury were that found the

Nov. Term,
1861.

indictment, nor that any grand jury had been impanneled for the term of the Court at which the verdict was found.

A *certiorari* has been issued for the omitted parts of the record, but the clerk returns that no entries appear of record below on these points; so that the defects can not be thus supplied. The counsel for the State has asked a suspension of the decision of the cause for a few months, to enable him to see if at the next term of the Court below the record can not be perfected by *nunc pro tunc* entries; but we think it would be abusing discretion to hold the convict in the penitentiary for such a purpose, supposing his conviction to appear illegal upon the face of the record. The question, then, now presented for our decision is, must the record of the cause, on appeal, show, by a caption to the indictment, or other proper entry, that a grand jury was impanneled at the term at which the indictment was found, and that the grand jury returned the indictment. In this case, the record states that the indictment was returned by the grand jury; but it does not show that any grand jury had been impanneled, and, of course does not show their names, character, or numbers. We think the record should show the impanneling of the grand jury, in a case upon appeal. Otherwise, a charge by authority does not appear against the accused.

*Per Curiam.*—The judgment is reversed. Cause remanded; and the clerk is directed to notify the keeper of the State prison to return the prisoner to the jail of the proper county.

*C. C. Nave* and *John Witherow*, for the appellant.
*John P. Usher*, Attorney General, for the State.