ALLEY v. THE STATE.

CRIMINAL LAW.—*Appeal.*—*Record.*—On appeal to the Supreme Court in a criminal case upon indictment, it is not necessary that the transcript should contain the record of the proceedings of the court below in impanelling and swearing the grand jury which returned the bill. *Sawyer* v. *The State,* 17 Ind. 435, and the cases following it—18 Ind. 428; 21 Ind. 171, 268, overruled.

APPEAL from the Decatur Circuit Court.

The appellant was indicted for murder in the first degree. A motion to quash was overruled, and the defendant excepted. The jury found the defendant guilty of manslaughter, and that he be imprisoned for two years in the State's prison.

A motion for a new trial was overruled, and judgment was rendered according to the verdict.

FRAZER, J.—A variety of questions are urged upon our attention, but inasmuch as the bill of exceptions which presents them cannot be regarded as in the record, not having been filed within the time required by the statute, we cannot consider them.

The point is also presented that the transcript does not contain the record of the proceedings of the court in impanelling and swearing the grand jury which returned the indictment. The counsel for the appellant apologize for making, in this court, a question so purely technical, and justify themselves by the fact that the State, by her chief law officer insists upon the hard rule of the statute which excludes the bill of exceptions.

We have several times been asked to review *Sawyer* v. *The State*, 17 Ind. 435, and the cases following it—18 Ind. 428, 21 Ind. 171 and 268, holding that the transcript of the record of a criminal cause on appeal to this court must contain the record of the proceedings of the court below in impanelling the grand jury which returned the bill; but a writ of *certiorari* issued upon our own motion has invariably

brought up that record, and thus rendered a consideration of the subject unnecessary. If all the clerks of the lower courts would learn enough of their duties to conform to the decisions of this court already alluded to, as many of them do not, questions like this might not trouble this court often. But perhaps that is too much to expect of non-professional officers, and so we have concluded; in the present case, to look into this matter fully, with a view, if possible, to put it at rest.

The cases mentioned above refer to no authority whatever in support of the proposition which they announce. Nor is the reason given, viz., that a charge by authority does not otherwise appear against the accused, very satisfactory. It has an easy answer, in this, that the court below may be supposed to know its own grand jury, and that when its record declares that the grand jury returned into court as a true bill the indictment in a given case, it leaves no room for the inference that possibly the indictment was *not* found by a grand jury. It is out of our power to conceive of any reason requiring the record of each criminal case to show, at length, the impanelling of the grand jury, which would not equally require that it show the commission and oath of the prosecuting attorney who is required to sign the indictment. If there be a rule of the law requiring it, it must be so adjudged merely because the law requires it, and not because there is any good reason for it.

We have searched the books in vain for authority or *dicta* requiring it or practice sanctioning it, and we think it is wholly without support in the law; and it is certainly a requirement having no tendency to promote the correct administration of criminal justice.

The caption to the indictment is the work of the ministerial officer, though in some of the American states it is customary to insert the facts which it should contain in the commencement of the indictment itself; and this is sufficient, but not necessary. It contains a short statement, setting forth with reasonable certainty the style of the court,

the time and place of its meeting, when and where the indictment was found; and in England it was usual to give the names of the grand jurors by whom it was found, and to aver that they were good and lawful men of the county, duly sworn and charged, and that they presented the indictment. But it is not necessary that it should contain the names of the grand jurors (*Rex* v. *Aylett*, 6 A. & E. 247), though in Lord HALE's time it was thought otherwise. 2 Hale, 167. The whole subject is fully discussed by Mr. Wharton, and numerous English and American cases are referred to in the notes. 1 Am. Crim. L., 5th ed., §§ 219–232. See *Wall* v. *The State*, 23 Ind. 150; Wharton's Precedents, 2.

Now, all these necessary facts are contained in the record before us, either in the caption or in the indictment itself. The law requires nothing more, and we are therefore constrained to overrule the cases alluded to, and which are in conflict with this opinion.

Affirmed, with costs.

*J. Gavin, J. D. Miller, C. Ewing,* and *J. K. Ewing,* for appellant.

*D. E. Williamson,* Attorney General, *A. B. Campbell,* and *E. R. Monfort,* for the State.