———————o———————

## BAILEY *v.* THE STATE.

INDICTMENT.—*Grand Jury.*—*Change of Venue.*—*Appeal.*—Upon a change of venue from one court to another, in a criminal action, where the defendant was tried upon the original indictment, which in the introductory part recited the style of the court, the name of the county and state, the time and place of the meeting of the court, the names of the parties, and that the grand jurors, of the proper county, good and lawful men, duly and *legally* empanelled, charged and sworn to inquire, etc., and, where the record showed that said indictment was returned into open court by such grand jury;

*Held,* that it sufficiently appeared that the indictment was found by a legal grand jury.

APPEAL from the Franklin Circuit Court.

BUSKIRK, C. J.—The appellant was indicted at the September Term, 1870, of the Dearborn Circuit Court for murder and as an aider and abettor of McDonald Cheek in the murder of Thomas Harrison, in the said county of Dearborn.

Upon the application of the appellant, the court, at said term, changed the venue of said cause from the Dearborn to the Franklin Circuit Court.

At the May Term, 1871, of the Franklin Circuit Court, the appellant was tried, convicted, and sentenced to the penitentiary for and during his natural life. The court over-

ruled motions for a new trial and in arrest of judgment, to which rulings the appellant excepted.

The only error assigned and argued by counsel for appellant is based upon the action of the court in overruling the motion in arrest of judgment.

It is maintained, with great earnestness, that the transcript of the record and proceedings of the Dearborn Circuit Court, which was filed in the Franklin Circuit Court, was fatally defective, and did not confer jurisdiction on that court to try the appellant. The objection urged to the transcript is, that it does not show that there was a grand jury in the Dearborn Circuit Court duly empanelled, sworn, and charged, by whom the indictment against the appellant was found and returned into open court, signed by the foreman a "true bill."

The transcript filed in the Franklin Circuit Court contains the following entries in the record of the Dearborn Circuit Court:

"Pleas begun and held at the court-house in the city of Lawrenceburgh, in and for the county of Dearborn, and State of Indiana, before the Hon. Robert N. Lamb, judge of the twenty-sixth judicial circuit of the State of Indiana, of which the county of Dearborn forms a part, it being the September term of said court, in the year of our Lord, one thousand eight hundred and seventy, A. D., 1870.

"The State of Indiana v. Omer T. Bailey. Murder in first degree and aiding and abetting murder in the first degree.

"Be it remembered that on the 14th day of September, 1870, it being the third judicial day of the September term, 1870, of said court, the following proceedings were had in the above entitled cause:

"The State of Indiana v. McDonald Cheek and Omer T. Bailey. Confined in jail on charge of murder in first degree.

"It appearing to the satisfaction of the court that the Dearborn county jail is insufficient for the safe keeping of the defendants, Cheek and Bailey, and their personal security, it is ordered by the court that said prisoners be removed to

Bailey *v*. The State.

the jail of Jefferson county, Indiana, and there detained for their safe custody, subject to the order of this court.

"And afterward, to wit, on the 22d day of September, 1870, it being the tenth judicial day of the September Term, 1870, of said court, the following further proceedings were had in said court, to wit:

"The grand jurors now return into open court, as true bills, indictments numbered 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, and 360, duly indorsed by their foreman, and having further business to transact, retire to their room."

Then follows an order for the sheriff of said court to proceed to the jail of Jefferson county, and procure and bring into court the said prisoners, McDonald Cheek and Omer T. Bailey. Then appears the following entry, namely:

"And afterward, to wit, on the 29th day of September, 1870, the same being the sixteenth judicial day of the September Term, 1870, of said court, the following further proceedings were had in said cause, to wit:

"Now comes William W. Tilley, Esq., prosecuting the pleas of the State in this behalf, and said defendant, in his own proper person, comes also, and being arraigned in open court, says that he is not guilty, as charged in the indictment herein."

Then follows an entry showing an application on the part of the defendant, supported by affidavit, to the court, for the appointment of counsel to make the defence of the defendant, and the appointment by the court of Noah S. Givan as such counsel.

Then follows an entry showing an application on the part of the defendant, supported by affidavit, for a change of the venue of said cause from Dearborn county, and an order of the court changing the said venue to the county of Franklin.

It is further shown by the record that there was filed in the clerk's office of the Franklin Circuit Court, on the 4th day of November, 1870, the original indictment in this cause,

the commencement of which was in the words and figures as follows:

"The State of Indiana, Dearborn county, Dearborn Circuit Court, September Term, 1870. The State of Indiana *v.* Omer T. Bailey. Murder in the first degree and aiding and abetting murder.

"The grand jurors of Dearborn county, in the State of Indiana, good and lawful men, duly and legally empanelled, charged, and sworn to inquire into felonies and misdemeanors, in and for the body of said county of Dearborn, in the name and by the authority of the State of Indiana, on their oath present that one Omer T. Bailey, late of said county, on the 6th day of September, A. D. 1870, at and in the county of Dearborn, and State of Indiana, did," etc.

The first count of said indictment charged the appellant with the murder of Thomas Harrison, and the second count charged the appellant with aiding and abetting one McDonald Cheek in the murder of the said Harrison.

"And upon the back of said indictment is indorsed the following, to wit: 'No. 346. A true bill. R. D. Brown, foreman. Filed and presented in open court, September 22d, 1870.                    JOHN E. CONWELL, Clerk.'"

The real and substantial objection urged to the transcript by the appellant is, that it does not contain an entry upon the records of the Dearborn Circuit Court, showing that a grand jury was empanelled, sworn, and charged to inquire and true presentment make, etc. It is earnestly maintained that, without such an entry, the Franklin Circuit Court possessed no power or jurisdiction to place the appellant upon trial for the crime charged in said indictment; and in support of such position, counsel for appellant refer to many English authorities, and to the following decisions of this court: *Sawyer* v. *The State*, 17 Ind. 435; *Conner* v. *The State*, 18 Ind. 428; *Jackson* v. *The State*, 21 Ind. 171; *Hall* v. *The State*, 21 Ind. 268.

It was decided in *Sawyer* v. *The State, supra*, that on appeal to this court the record must show the empanelling

of the grand jury, and that otherwise a charge by authority does not appear. For such omission the judgment was reversed.

In *Conner* v. *The State, supra,* the same point was decided, with the additional one, that the record must show that the indictment was returned and filed in court.

In the cases of *Jackson* v. *The State* and *Hall* v. *The State, supra,* this court decided the same questions as were decided in *Conner* v. *The State.*

It is maintained by the appellee, that whatever may have been the practice and rule of decision in England, it is not necessary, in this State, that the record on a change of venue, or on appeal to this court, should show the empanelling of the grand jury; but that, conceding that it is necessary that the record show such fact, it is sufficiently shown by the record in this cause. The counsel for the appellee have referred us to numerous authorities bearing upon the question; but great reliance is placed upon the case of *Alley* v. *The State,* 32 Ind. 476.

The case of *Alley* v. *The State, supra,* holds that it is not necessary, on appeal to this court, that the record should show the impanelling of the grand jury, and expressly overrules the case of *Sawyer* v. *The State, supra,* and all the subsequent cases following the ruling in that case.

FRAZER, J., in delivering the opinion of the court in the above cited case, says: "The cases mentioned above refer us to no authority whatever in support of the proposition which they announce. Nor is the reason given, viz., that a charge by authority does not otherwise appear against the accused, very satisfactory. It has an easy answer, in this, that the court below may be supposed to know its own grand jury, and that when its record declares that the grand jury returned into court as a true bill the indictment in a given case, it leaves no room for the inference that possibly the indictment was not found by a grand jury. It is out of our power to conceive of any reason requiring the record of each criminal case to show, at length, the impanelling of

the grand jury, which would not equally require that it show the commission and oath of the prosecuting attorney who is required to sign the indictment. We have searched the books in vain for authority or *dicta* requiring it or practice sanctioning it, and we think it is wholly without support in the law; and it is certainly a requirement having no tendency to promote the correct administration of criminal justice."

While we agree with the conclusion reached in the above case, we are satisfied that the learned judge who delivered the opinion of the court was mistaken when he said that there was no authority to support the previous rulings of this court. It is the uniform practice in England, and in several of the American states, for the caption of the indictment to show the impanelling of the grand jury.

There is a reason for the rule and practice in England that does not exist in this or many of the other states. In England, the indictment is found in an inferior court of limited jurisdiction, when the case is transferred to a superior court for trial; so it was necessary that the caption of the indictment should show that a grand jury had been impanelled in the inferior court, competent to make the presentment, as nothing could be presumed in favor of the jurisdiction of the inferior court; but in this State, and in the most of the other states, where the indictment is found in a court of general jurisdiction, in favor of which the most liberal presumptions are indulged, and where the case is usually tried in the court where the indictment is found, there is no valid reason for adhering to the English practice. Where the reason of a rule ceases, the rule itself should cease.

The caption constitutes no part of the indictment in England. It was an entry made by the clerk, showing the meeting of the court, who composed the court, and the names and qualifications of the grand jurors, and that they were impanelled and sworn. It is now no longer necessary that it should contain the names or qualifications of the jurors. The caption always was and is subject to amendment.

We think it may be regarded as settled, both on principle and by authority, that it should be shown in the record that the indictment was found by a grand jury which was duly impanelled and sworn ; but we regard it as equally well settled, that it need not be shown, by an entry made by the clerk and entered on the minutes of the court at the beginning of the term, when the grand jury is impanelled and sworn.   If the fact is made to appear anywhere in the record, it will be sufficient.

The record shows that the grand jury returned the indictment into open court.   The indictment is signed by the prosecuting attorney, and indorsed by the foreman as "a true bill."   The defendant was arraigned in the Dearborn Circuit Court, and for plea said that he was not guilty as charged in the indictment.

It is provided by section 53 of the criminal code, 2 G. & H. 400, that "the first pleading on the part of the State is either an indictment or information."

The first clause of section 54 of said act provides, that "the indictment or information must contain :   First. The title of the action, specifying the name of the court in which the indictment or information is presented, and the names of the parties."

Section 61 of said act provides that no indictment or information may be quashed or set aside for any of the following defects :       *       *       *       " Fifth. For an omission to allege that the grand jurors were impanelled, sworn or charged."

Section 68 of said act reads as follows :

"Sec. 68.   Every indictment must be . recorded by the clerk during the term at which the same is found, in a book to be kept for that purpose.   The judge must compare the record with the original indictments, and certify the correctness thereof.   In case the original indictment is lost or destroyed, the defendant may be tried upon a copy taken from the record and certified by the clerk, without any delay from that cause."   2 G. & H. 405.

The last clause of said section is modified by an act approved January 30th, 1852, 2 G. & H. 428.

By the above section, the indictment becomes a record, and is evidence of the finding 'and contents thereof. *Wall* v. *The State*, 23 Ind. 150.

The commencement of the indictment contains the title of the action, the name and term of the court where it was presented, and the names of the parties. It also contains the following averments: "The grand jurors of Dearborn county, in the State of Indiana, good and lawful men, duly and legally impanelled, charged, and sworn to inquire into felonies and misdemeanors, in and for the body of the county of Dearborn, in the name and by the authority of the State of Indiana, upon their oath present," etc.

The clerk of the Franklin Circuit Court certifies that the original indictment was filed in his office. It was held by this court, in *Doty* v. *The State*, 7 Blackf. 427, that upon a change of the venue from one county to another, in a criminal cause, the filing of the original indictment in the office of the clerk of the court of the county to which the change was granted, authorized such court to exercise jurisdiction over the cause.

There seems to be great confusion in the books as to what is meant by the caption of the indictment, and the difference between the caption and the introductory part or commencement of the indictment.

Bishop, in his work on Criminal Procedure and Practice, vol. 1, sec. 146, in speaking of the English practice, says: "What is called the caption may be explained as follows: Says Starkie,—'Where an inferior court, in obedience to a writ of *certiorari* from the King's Bench, transmits the indictment to the crown office, it is accompanied with a formal history of the proceedings, describing the court before which the indictment was found, the jurors by whom it was found, and the time and place where it was found. This instrument, termed a schedule, is annexed to the indictment, and both are sent to the crown office. The history of the pro-

ceedings, as copied or extracted from the schedule, is called the Caption, and is entered of record immediately before the indictment.' The caption, therefore, in the case pointed out by Starkie, first appears in the Court of Queen's Bench, being made up by the clerks of this court from the schedule transmitted from the lower tribunal. Says Dickinson, treating of the practice of the quarter sessions, 'It is not put on the files of the court of quarter session, and is annexed only on removal.'"

The same author, in sec. 149, says: "In the United States, there are some variations of practice. In several of the states the same course is in substance pursued as in England; and the same names are employed to designate the different parts of the indictment and of the record. But in other states the part of the indictment termed the commencement is expanded to somewhat greater length, and is called the caption, serving, it would seem, the double purpose of the English commencement and the English caption. And there are still other states in which this matter appears not to be very well settled, or at least very clear."

What is meant by the phrase "English commencement," is explained by this author in section 145, where it is said: "We have already seen that it is customary, in England and in this country, to write the name of the county, and sometimes also the name of the state, in the upper margin of the indictment. Next to the name of the county follow, in English practice, the words: 'The jurors for our lady the queen on their oath present, that,' etc. This matter seems to be termed, in the English books, if it has a name, the commencement; it is never called the caption."

This author, in section 154, says: "Indeed, the whole question as to what the caption should contain, appears, when approached through the American books, draped in mist and girded about with darkness. Doubtless the nature and general jurisdiction of the tribunal is to be considered; also the peculiarity of its local jurisdiction, if it is a court of the latter sort; also the statutes and judicial usage of

Bailey *v.* The State.

the particular state. The reader will find some help from consulting the collection of points here appended in a note; but, it must be observed, the reports themselves do not always disclose, whether the caption spoken of is in the nature of the English caption, or whether it is the introductory matter found at the head of the indictment as returned by the grand jury."

In 1 Wharton American Criminal Law, sec. 219, it is said: "The caption is no part of the indictment; its office is to state the style of the court, the time and place of its meeting, the time and place where the indictment was found, and the jurors by whom it was found."

As has been shown, our statute requires that the above things shall be contained in the indictment, and not in what is known in England as the caption. Our statute conforms to the definition given above by Bishop, of "the introductory matter found at the head of the indictment, as returned by the grand jury."

It is conceded by counsel and shown by the elementary writers and in the adjudged cases, that it would be sufficient if the clerk had stated in the minutes of the court, that "the grand jury was empanelled, sworn, and charged." We are unable to see why the same facts may not be shown by averments in the indictment itself, which is made by our statute a record, and is evidence of the facts recited therein. Is not the finding of the grand jurors, in the indictment, that they were empanelled, sworn, and charged, entitled to as much weight and consideration as the entry made by a mere ministerial officer?

We have made a very careful and general examination of the American decisions on this point, and are entirely satisfied that they establish the proposition, that where the introductory part of the indictment shows the style of the court, the name of the county and state, the time and place of the meeting of the court, the names of the parties, and is followed by the statement that "the grand jurors of ——— county, in the State of Indiana, good and lawful men, duly

and legally empanelled, charged, and sworn to inquire,"
etc., it sufficiently appears that the indictment was found
by a legal grand jury, when the record shows that the in-
dictment was returned into open court by such grand jury.

It was held by the Supreme Court of Missouri, in *The
State* v. *England*, 19 Mo. 386, that an indictment commenc-
ing thus: "State of Missouri, county of Hickory, in the
Hickory Circuit Court, September term, A. D. 1852. The
grand jurors for the State of ——, empanelled, charged, and
sworn to inquire," etc., sufficiently showed that the indictment
was found by a competent and legally organized grand jury.

In *The State* v. *Conley*, 39 Maine, 78, it was held, that an
indictment in this form: "State of Maine, Cumberland, ss: at
the Supreme Judicial Court, begun and holden at Portland,
within and for the county of Cumberland, on the first Tuesday
of March, in the year of our Lord one thousand eight hundred
and fifty-four. The jurors for said state, upon their oaths pre-
sent," was sufficient, and showed that the indictment was
found by a legal grand jury. The court observed: "The
caption is conformable to general, if not universal, practice
in this and other states.

It was held, in *Commonwealth* v. *Edwards*, 4 Gray, 1, that
where an indictment which purports, by its caption, to have
been found at a court of common pleas for the county of
Hampshire, and then it adds, "the jurors for said common-
wealth, on their oath present," sufficiently shows that it was
returned by the grand jury for the county of Hampshire.
In the above case there was no other caption than that
contained in the introductory part of the indictment.

It was held in *The State* v. *Freeman*, 21 Mo. 481, that an
indictment reciting that the grand jurors were empanelled,
sworn, and charged, "need not state when and where they
were so empanelled, sworn, and charged."

It would render this opinion unnecessarily long to quote
from all the decisions we have examined, and, which conform,
in substance, to the rulings in the above cases, but we refer to
such cases. *Reeves* v. *The State*, 20 Ala. 33; *Duncan* v. *The*

*People,* 1 Scam. 456; *Commonwealth* v. *James,* 1 Pick. 375;
*Commonwealth* v. *Colton,* 11 Gray, 1; *Thomas* v. *The State,*
5 How. Miss. 20; *Byrd* v. *The State,* 1 How. Miss. 163;
*Vaughn* v. *The State,* 4 Mo. 530; *Young* v. *The State,* 6
Ohio, 435; *Mackey* v. *The State,* 3 Ohio St. 362; *The State*
v. *Williams,* 2 McCord, 301; *Barnes* v. *The State,* 5 Yerg.
186; *The State* v. *Nixon,* 18 Vt. 70; *The State* v. *Gilbert,* 13
Vt. 647; *The State* v. *Thibeau,* 30 Vt. 100; *The State* v. *Freeman,* 15 Vt. 723.

A grand jury is an essential and component part of the
circuit court in each county, where there is no criminal court,
in which case a grand jury composes a part of that court.
The statute prescribes the number, qualifications, mode of selection, empanelling, and the powers and duties of grand jurors.

We are bound to presume, until the contrary is affirmatively shown, that public officers have performed the duties
imposed on them by law. The transcript shows the time
and place of the meeting of the court; that the grand jury
returned into open court the indictment against the appellant; that he was arraigned and plead not guilty; that the
original indictment was filed in the Franklin Circuit Court,
and that the appellant was placed on trial on such original
indictment. The indictment itself shows that the grand jury
was duly and legally empanelled, sworn, and charged.

We entertain no doubt that it is sufficiently shown that the
court in which the indictment was found, and the one in
which the appellant was tried, had full and complete jurisdiction of the cause. To hold otherwise, would greatly impede and seriously embarrass the just and prompt administration of the criminal laws of the State. This we are unwilling to do, and especially where the substantial rights of the
accused have not been jeopardized.

The judgment is affirmed, with costs.

*T. B. Adams, F. Berry,* and *N. S. Givan,* for appellant.

*B. W. Hanna,* Attorney General, *M. M. Ray, G. H. Voss,
B. F. Davis,* and *J. A. Holman,* for the State.