THE STATE, *Plaintiff in Error*, v. MEINHART.

1. **Practice, Criminal**: WAIVER. The objection that the record does not show that the indictment was ever presented to the trial court in the presence of the grand jury by their foreman, or that it was ever filed, comes too late when made for the first time in this court.

2. ———: PLEADING. "The Cole circuit court," in the caption of an indictment, will be taken to mean the circuit court of Cole county.

3. **Assault to Rape**: PLEADING, CRIMINAL. An indictment for an assault to commit a rape need not use the word "rape." If it uses the language employed by the statute to define the crime of rape, that will be as good. If other words not altering the sense are added, they may be rejected as surplusage. Thus, where the indictment charged an assault upon a female under the age of twelve years, with intent "feloniously to unlawfully and carnally know and abuse" her; *Held*, that it was good.

*Error to Morgan Circuit Court.* — HON. E. L. EDWARDS, Judge.

REVERSED.

*D. H. McIntyre*, Attorney General, and *Mack J. Leaming*, for the State, as to the sufficiency of the indictment, cited 1 Whart. Prec. of Indict., forms 187, 190; 1 Whart. Crim. Law, § 577 (b. and c.) 8 Ed.; *State v. Johnston*, 76 N. C. 209; 1 Whart. Prec., form 262; *State v. Pickett*, 11 Nev. 255; *s. c.*, 21 Am. Rep. 754; *People v. Girr*, 53 Cal. 629; *State v. Fancher*, 71 Mo. 461; *State v. Erickson*, 45 Wis. 86; *State v. Little*, 67 Mo. 624; *State v. Worden*, 46 Conn. 349; *s. c.*, 33 Am. Rep. 27; *People v. McDonald*, 9 Mich. 150.

*Edwards & Davison* for defendant in error, upon the same point, cited 1 Russ. on Crimes, (2 Ed.) p. 693; *Humphries v. State*, 5 Mo. 203; 1 Archb. Crim. Prac. and Pl., (8 Ed.) 999; 1 Whart. Prac., (3 Ed.) 255; Whart. Am. Crim. Law, (6 Ed.) § 1153; Archb. Crim. Law, (5 Ed.) 374; *State v. Ross*, 25 Mo. 426; *State v. Montgomery*, 63 Mo. 296; *State v. Little*, 67 Mo. 624.

RAY, J.—At the December, 1880, term of the Cole circuit court, the defendant was indicted for an assault with the intent feloniously to unlawfully and carnally know and abuse one Amelia Thomas, a female child, under the age of twelve years. The indictment is as follows:

*In the Cole Circuit Court, at the December term,* 1880.

STATE OF MISSOURI, } ss.
  County of Cole, }

The grand jurors of the State of Missouri, summoned from the body of inhabitants of Cole county, now here in court, duly empaneled, sworn and charged, on their oaths, present that Theodore H. Meinhart, late of said Cole county, on the 20th day of October, in the year of our Lord one thousand eight hundred and eighty, at the said county of Cole, in the State of Missouri, in and upon one Amelia Thomas, a female child under the age of twelve years, to-wit: Of the age of nine years, unlawfully and feloniously did make an assault, with intent, her, the said Amelia Thomas, then and there feloniously to unlawfully and carnally know and abuse, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Missouri.

MACK J. LEAMING,
Prosecuting Attorney for Cole county, Missouri.

A change of venue was applied for by the defendant, and the cause was sent to Morgan county, where, at the March, 1881, term, of the circuit court of that county, the defendant filed a demurrer to the indictment, as follows:

Now, at this day, comes the defendant, and by his attorneys, and demurs to the indictment herein against him, and says that the same does not charge the defendant with any offense under the statute law of this State. (1) Because it does not charge that the defendant ever assaulted said child with the intent to commit a rape on her; nor does it use any language of similar import and meaning.

(2) Because there is no statute of this State making the assaulting any woman or female child with the intent to unlawfully and carnally know and abuse her, an offense for which this defendant could be indicted and punished. (3) Because the indictment does not pursue the language of the statute. (4) Because there is no statute of this State making the assaulting with intent to unlawfully and carnally know a female child under twelve years of age, an offense. (5) Because, if it is intended to charge the defendant with an assault with intent to commit a rape, then the gist of the offense is the intent to commit a rape, and that word or words of similar import and meaning, are necessary to charge the offense.

This demurrer the circuit court sustained, and the defendant was thereupon discharged. Whereupon the State brings the case here by writ of error. The sufficiency of the indictment is the only question in the case.

The objection that the record does not show that the indictment was ever presented by the foreman of the grand jury in their presence to the circuit court of Cole county, or that the same was ever filed in court, as required by law, comes too late, we think, for the first time in this court. At least, these objections are not raised by the demurrer to the indictment, the sufficiency alone of which is now before this court. Even if this were otherwise, the objection would not be held good under the ruling of this court in the case of the *State v. Wm. Grate*, 68 Mo. 25, and cases there cited.

1. PRACTICE, CRIMINAL: waiver.

This indictment at its heading has the proper venue of "State of Missouri, county of Cole," with the caption: "In the Cole circuit court, December, 1880, term," and is indorsed on the back as follows: "Cole circuit court, December term, 1880." "State of Missouri v. Theodore H. Meinhart." "Assault with intent to carnally know, etc., "a true bill," "W. C. Young, foreman of the grand jury," and "filed December 7th, 1880, W. H. Lusk, clerk." Taking the whole record together, although not exactly for-

mal in all its entries, we think it sufficiently appears in what court the indictment was found, and that it was duly presented and filed in said court.

The further objection that " the indictment is not en-titled of any court known to the laws of this State," if we understand it, grows out of the fact that the caption reads: " In the Cole circuit court," instead of " In the circuit court of Cole county." This objection, we think, is rather technical than substantial, and not well taken. It is the common practice of the pro-fession, as well as all the courts, thus to entitle papers, en-tries and records as often as the more formal and correct method insisted on by defendant in error. In the case of *Kirk v. State*, 6 Mo. 469, at page 471 it was held that the caption of the indictment was no part of the indictment. If that be so, the objection, if valid, must be taken in some other way and is not raised by the demurrer and cannot now be considered. See also the case of the *State v. England*, 19 Mo. 387, where the caption was similar to that of the case at bar. It reads : " In the Hickory circuit court," and the indictment was held good.

This brings us to the only real point in the case as pre-sented by the above demurrer, and the brief in support of same. We will consider first the language of the statute itself. Section 1253 of the Re-vised Statutes of 1879, provides as follows : " Every person who shall be convicted of rape, either by carnally and un-lawfully knowing any female child under the age of twelve years, or by forcibly ravishing any woman of the age of twelve years or upwards, shall suffer death or be punished by imprisonment in the penitentiary not less than five years, in the discretion of the jury." Section 1263 pro-vides as follows : " Every person who shall be convicted of an assault with intent to kill or commit any robbery, rape, burglary, manslaughter or other felony, the punishment for which assault is not hereinbefore prescribed, shall be punished by imprisonment in the penitentiary not exceed-

ing five years, or in the county jail not less than six months, or by both a fine not less than $100 and imprisonment in the county jail not less than three months, or by a fine not less than $100." The language of section 1253, practically declares that either of two states of facts, therein mentioned, constitutes the crime of rape, in one of which force is a necessary ingredient; in the other force need not be used. A party guilty of perpetrating either state of facts may be convicted of rape. It is the perpetration of the acts therein described, not the term or name which the statute applies to the acts so done, which constitutes the offense. An indictment charging the perpetration of either state of facts, in the language of the statute, we apprehend, would be sufficient, and in neither case would the use of other terms, not necessary, vitiate the indictment. Such unnecessary words may be rejected as surplusage. When section 1263, in declaring the punishment which shall be inflicted upon every person convicted of an assault to commit any of the various offenses therein specified, uses the word "rape," it means and imputes an assault to perpetrate either one of the state of facts which section 1253 defines to be a rape; and an indictment which charges, as in this case, " an unlawful and felonious assault, with intent her, the said Amelia Thomas, then and there feloniously to unlawfully and carnally know and abuse, contrary to the form of the statute in such cases made and provided," is clearly good under this statute. Any superfluous words therein will not vitiate, and may be rejected as surplusage, and the words rape or ravish need not be used. Such, we understand, is the construction placed on this statute by this court, and such, also, seems to be the view taken by the courts of other states having similar statutes to ours.

In the case of *McComas v. State*, 11 Mo. 117, the court uses this language; " The indictment charges that the defendant late, etc., with force, etc., at, etc., in and upon one Mary L. Young, being then and there a female child under the age of ten years, to-wit: Of nine years, in the peace

of the State then and there being, carnally, unlawfully and feloniously did, then and there, make an assault, and her, the said Mary L. Young, then and there did beat, wound and illtreat, with intent her, the said Mary L. Young, then and there carnally, unlawfully and feloniously to ravish and carnally and feloniously to know, and other wrongs," etc. The court proceeds to say that: " The section of the statute above referred to declares or defines rape to be, first, carnally to know any female child under ten years of age; or, secondly, forcibly ravishing any woman of the age of ten years and upwards. The words 'rape' or 'ravish' are used here, as in common parlance, as synonymous terms, and the only difference in the statute between the two species of the offense, is, that the latter contemplates force, whilst the former may consist in the act of sexual intercourse alone—irrespective of actual violence or consent. The indictment charges the assault to have been made ' with the intent her, the said Mary L. Young, then and there carnally, unlawfully and feloniously to ravish and carnally and feloniously know,' which not only embraces the words used in the statute to designate the offense, but others not necessary, but the use of which does not vitiate the indictment, and may be rejected as surplusage." This language of the court, taken in its entire context, we think fully justifies the construction placed thereon, by the able and distinguished reporter who prepared the syllabus at the head of the case. This case is in harmony with the views hereinbefore expressed, and we think fully justifies the construction and approval thereof by SHERWOOD, C. J., in the late case of the *State v. Jaeger*, 66 Mo. 175. In this latter case the indictment, although not containing the word "ravish," was held sufficient. That case is in point and must be accepted as decisive of this. In the case of the *People v. McDonald*, 9 Mich. 151, the supreme court of Michigan uses this language, which is quite appropriate to the case at bar: " Whether there is such an offense known to the common law, as an assault with intent carnally to

know and abuse, or not, were it questionable, is immaterial, for it is very obvious that there is such an offense known to our statute. Section 5730 of Comp. Laws enacts that: 'If any person shall ravish and carnally know any female of the age of ten years or more, by force and against her will, or shall unlawfully and carnally know and abuse any female child under the age of ten years, he shall be punished,' etc. Both these offenses are rape, as they come within the common law definition of that offense. The distinction between them relates solely to the character and amount of proof required to convict of the offense. Force and want of consent must be satisfactorily shown in the case of carnal knowledge of a female of the age of ten years or more, but they are conclusively presumed, in the case of such knowledge of a female child under that age, and no proof will be received to repel such presumption. The next section, 5731, which provides that: 'If any person shall assault any female with intent to commit the crime of rape, he shall be deemed a felonious assaulter,' etc., had direct reference to that preceding it, and was intended to embrace assaults upon females, whether of the age of ten or more, or less. When an information, therefore, charges an assault with intent to commit either offense prohibited by section 5730, and in describing the intent, uses the language of such section, it charges an assault with intent to commit the crime of rape. The word 'rape' has no technical value, which renders its use in such case imperatively necessary, and if words be employed which describe such offense, they will be taken according to their legal import. If they charge the crime in the language employed by the statute to define rape, they will be taken to charge the crime of rape; and if they charge an assault with intent to do the act denominated rape, the construction will be the same." This language of that court fully meets and sustains the construction here placed on our statute.

In the case of *Greer v. State*, 50 Ind. 267, in construing

a statute similar to our own, that court holds this doctrine: " The statute defining and prescribing punishment for rape, enumerates two classes of facts, each of which constitute a rape; first, it is rape to unlawfully have carnal knowledge of a woman against her will; second, it is rape to unlawfully have carnal knowledge of a female child under twelve years of age." To the same effect is the case of *State v. Erickson*, 45 Wis. 86. But it is needless to multiply authorities on this point. · For these· reasons we think the court committed error in sustaining the demurrer to this indictment, and the judgment will, therefore, be reversed and the cause remanded. All concur.