———————o———————

KEESLING *v.* TRUITT and Others.

DOCUMENTARY EVIDENCE.—*Authentication.*—A tract book kept in a recorder's office, admitted in evidence, had the following heading: " List of lands sold in that part of Delaware county lying in the Indianapolis district, from the

first sale up to the 1st of January, 1841;" and the following certificate of authentication was attached thereto: "Auditor's Office, Indianapolis, April 27th, 1841, I, Morris Morris, Auditor of Public Accounts, do hereby certify that the foregoing list of lands is correctly transcribed from the tract book on file in my office. M. Morris, A. P. A."

*Held*, that this was a sufficient authentication under the act of March 6th, 1861, 2 G. & H. 181, sec. 1.

County Surveyor.—*Fractional Sections.*—Survey by county surveyor to establish the corners between the south half of the north-east quarter of a fractional section, entered December 1st, 1832, and the north half of said quarter, entered September 13th, 1833, the former described on the tract book as 80 acres, the latter as 77.69 acres.

*Held*, that the corners should have been so established as to make the interior half quarter twenty chains wide.

APPEAL from the Delaware Circuit Court.

GREGORY, J.—This was an appeal from the county surveyor to the court below, under section 8 of the act of June 17th, 1852, 1 G. & H. 596. Keesling was the owner of the south half of the north-east quarter of section one, in township nineteen, range ten east, entered, December 1st, 1832. One Nepthalim Ross was the owner of the north half of the same quarter, entered by one John W. Rhodes, September 13th, 1833. The south half is described on the tract book as containing 80 acres, and the north half as containing 77.69 acres. The object of the survey was to establish the corners between the two half quarters.

The finding was against the appellant. Motion for a new trial was overruled; and final judgment. The first objection taken is, that the court below erred in admitting in evidence the tract book kept in the recorder's office of Delaware county. The heading of the book was as follows: "List of lands sold in that part of Delaware county lying in the Indianapolis District, from the first sale up to the first of January, 1841."

The following certificate of authentication was attached thereto:

"Auditors's Office,
"Indianapolis, April 27th, 1841.
"I, Morris Morris, Auditor of Public Accounts, do hereby

certify, that the foregoing list of lands is correctly transcribed from the Tract Book on file in my office.

M. Morris, A. P. A."

This was a sufficient authentication under the act of March 6th, 1861. 2 G. & H. 181, sec. 1.

The survey was made on the principle of dividing the quarter section into two equal parts. This was wrong.

The act of Congress of April 24th, 1820, provides that "fractional sections, containing one hundred and sixty acres, or upwards, shall in like manner, as nearly as practicable, be subdivided into half-quarter sections, under such rules and regulations as may be prescribed by the Secretary of the Treasury. Dunlop's Laws of the United States, p. 616.

The instructions of the Secretary of the Treasury under this act, contain the following: "The lots in the extreme northern and western tiers of quarter sections, containing either more or less than the regular quantity, are always to be numbered as per example: Interior lots in such extreme tiers are to be twenty chains wide, and the excess or deficiency of measurement is always to be thrown on the exterior lots; elsewhere the assumed sub-divisional corner will always be a point equi-distant from the established corners." Manual of Surveying Instructions, p. 26.

The survey was made on a wrong principle, and the court below erred in overruling the motion for a new trial.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial, and for further proceedings.

*W. March,* for appellant.

*C. E. Shipley,* and *A. Kilgore,* for appellees.