## HEACOCK *v.* THE STATE.

CRIMINAL LAW.—*Indictment.*—*Signature of Prosecuting Attorney.*—*Return of Indictment by Grand Jury.*—Where an indictment was not signed by the prosecuting attorney, and the record did not show that it was returned by the grand jury;

*Held,* that a motion to quash should have been sustained.

APPEAL from the Hancock Circuit Court.

PETTIT, J.—This was an indictment for seduction. There was a motion to quash the indictment overruled.

After trial and conviction, there was a motion in arrest of judgment made and overruled, and exception taken, at the

proper time, to each of these rulings. Each of these motions should have been sustained.

Sec. 16, 2 G. & H. 394: "Each juror must take the usual oath. The court must plainly instruct them as to their duty. An indictment may be found by any nine. It must be indorsed by the foreman, 'A true bill.—A. B. foreman,' returned into open court, and filed by the clerk."

Sec. 17, on same page: "Each indictment must be signed by the prosecuting attorney, and when the grand jury return any indictment into court, the judge must examine it; and if the foreman has neglected to endorse it, 'A true bill,' with his name signed thereto, or if the prosecuting attorney has neglected to sign his name, the court must cause the foreman to indorse, or the prosecuting attorney to sign it, as the case may require, in the presence of the jury."

These are positive requirements that the indictment shall be returned into open court by the grand jury, endorsed by the foreman, and that it shall be signed by the prosecuting attorney, and that the court must cause these signatures to be placed on and to the indictment, if they or either of them are wanting at the time it is returned.

The indictment was not signed by the prosecuting attorney or any person else; nor does the record show, in any place or manner, that it was returned by the grand jury. Without these requisites the indictment had no more force than a blank piece of paper. It could not subject the party to trial and punishment under it, but ought to have been quashed on motion. *Adams* v. *The State*, 11 Ind. 304; *Jackson* v. *The State*, 21 Ind. 79; *Jackson* v. *The State*, 21 Ind. 171; *Hall* v. *The State*, 21 Ind. 268; *Sawyer* v. *The State*, 17 Ind. 435; *Conner* v. *The State*, 18 Ind. 428; *Bailey* v. *The State*, 39 Ind. 438.

We do not think that this opinion conflicts with any ruling of this court, unless it is that of *M'Gregg* v. *The State*, 4 Blackf. 101; and the ruling of the court in that case seems to be a mere statement of the court, that the indictment need not have appended to it the name of the prosecuting attor-

ney, without any authority cited. The statute at that time may not have been like our present one, which positively requires that the indictment shall be signed by the prosecuting attorney.

As the motion to quash ought to have been sustained, there are no other questions properly in the record.

The judgment is reversed, with instructions to the court below to sustain the motion to quash the indictment.*

*L. W. Gooding, H. Craven,* and *C. L. Henry,* for appellant.

*J. C. Denny,* Attorney General, for the State.

* Petition for a rehearing overruled.