## TRUEBLOOD ET AL. *v.* HOLLINGSWORTH.

PLEADING.—*Instrument in Writing.—Exhibit. — Execution.*—An execution need not be made an exhibit of a complaint to enjoin a sale by the sheriff of property levied on under the execution.

SAME.—*Injunction.—Color of Right.*—A complaint by A. to enjoin the sheriff from selling property alleged to be held in trust by B., on execution against B., should, by averments, set forth the judgment and execution under which the alleged sale is about to be made, with sufficient particularity to give color of right in the sheriff to make the levy and sale, and should sufficiently show color of right to the property in the person alleged to be such trustee.

From the Marion Common Pleas.

*J. E. Heller,* for appellants.

*J. T. Dye* and *A. C. Harris,* for appellee.

BIDDLE, J.—Zeph Hollingsworth brought suit against James Trueblood, Andrew E. Caffey, and George W. Parker, sheriff of Marion county, for an injunction.

The complaint seems to have been hastily written. The averments are not made in their proper order, nor are they clearly stated. The substance of it, however, placing the facts according to their proper arrangement, may be stated as follows:

That, on the 16th day of July, 1868, John Carlisle made a lease of certain parts of lots in Indianapolis, describing them, to Layton Mills and John Lacy, for the term of two years from April 1st, 1868; that, on the 12th day of November, 1868, Lacy assigned his interest in the lease to Hollings-

worth; that on the 10th day of March, 1869, Layton Mills assigned his interest in the lease to David Mills; and that on the 5th day of January, 1870, David Mills assigned his interest in the lease to Hollingsworth, thus placing the entire interest in the lease in the appellee; the lease and assignments are unnecessarily made exhibits; that there is a livery and sale stable upon the premises, which, with the lease, is worth five thousand dollars; that "George W. Parker has levied an execution on the premises, a copy of which is filed herewith and made a part hereof, marked 'E,' and has given notice, as by statute provided, for the sale of personal property, that on Thursday, the 10th day of February, 1870, he will sell said interest levied on under and by virtue of said execution;" that he is informed and believes that Layton Mills never had any interest in said lease or the improvements thereon, but that he held the same in trust for his father, David Mills; that he believes that Layton Mills never made or paid for any part of the improvements on said premises, and never had any interest in the same except as the trustee of David Mills; that Layton Mills died November 19th, 1869; that said sheriff, George W. Parker, is about to sell said premises as the property of Layton Mills, under said execution, which will cast a cloud on plaintiff's title, decrease the value of the property, etc. Prayer, that the defendants may be enjoined, etc.

A demurrer was filed to the complaint, for want of sufficient facts to maintain the action. The demurrer was overruled, and exceptions taken. Proceedings were then had, which resulted in an injunction against the appellants. Appeal to this court.

The first error assigned is, that the court erred in overruling the demurrer to the complaint. This error is well taken. No written instrument, unless some pleading is founded upon it, is properly an exhibit. The execution mentioned in the complaint is unnecessarily filed. We can not, therefore, notice it. There is nothing before us for consideration, as to the threatened sale, except the naked averment in the complaint. It is defective. It does not inform us who were the parties to the

judgment upon which the execution mentioned was issued, nor in what court, nor when, the judgment was rendered.

While it was not incumbent on Hollingsworth to set forth the judgment and execution, under which the alleged sale was about to be made, with as much particularity as if he claimed under them, yet it was necessary for him to show them with sufficient particularity to give color of right in the sheriff to make the levy and sale. So with the trust. It should have been sufficiently alleged to give it color of right in Layton Mills, otherwise there is nothing to enjoin. Courts do not enjoin empty threats. There must be enough substance shown to presumptively be able to do the injury feared. In these respects the complaint is insufficient. *Knight* v. *Flatrock,* 45 Ind. 134; *Alexander* v. *Mullen,* 42 Ind. 393.

The judgment is reversed, and the cause remanded, etc.

Petition for a rehearing overruled.