## BRENT *v.* OYLER ET AL.

MORTGAGE.—*Junior and Senior Mortgage.—Estoppel.—Right to Redeem.*—A. conveyed certain real estate to B. and took from him a mortgage to secure unpaid purchase-money. B. thereafter conveyed the real estate to C. by a warranty deed and took from him a mortgage to secure two thousand dollars of unpaid purchase-money. B. then assigned the notes and mortgage made by C. to D., who then assigned the same notes and mortgage to E. Thereafter, A. sued to foreclose the mortgage made by B., and a judgment for three hundred and twenty-seven dollars and forty cents, and a decree of foreclosure, were obtained. C. was not a party to the suit, though his deed was of record. The real estate was sold, by virtue of the decree, for three hundred and ninety-four dollars and twenty-nine cents, to F., who thereafter assigned his certificate to E., who procured a deed for the property. Afterward, E.

sued C. on the notes and mortgage made by C. to B., and C. succeeded in preventing a recovery by E., and obtained judgment in his own favor, on the ground of the former foreclosure of the mortgage held by A., and the sale of the real estate and the ouster and dispossession of C., and the consequent failure of the consideration for which he made his notes and mortgage to B. Subsequently, C. brought suit to redeem the real estate from the sale in favor of A., but did not offer to redeem from the mortgage and notes made by C. to B. E. set up the judgment in his case against C. as an estoppel against his claim to redeem.

*Held,* that C., not having been made a party to the suit of A. against B., had a right to redeem from such sale, but he abandoned his right, and became estopped from redeeming, by his failure to exercise such right until after he defeated the action of E., on the junior mortgage, on the ground of the failure of the consideration for which he had made the notes and mortgage, by reason of the foreclosure and sale on the mortgage of A.

From the Cass Circuit Court.

*S. T. McConnell* and *M. Winfield,* for appellant.

*D. Howe,* for appellees.

BUSKIRK, J.—The record in this cause discloses the existence of the following facts:

Previous to the conveyances hereinafter mentioned, Mary A. Heth, one of the appellees, who afterward became the wife of appellee Anthony F. Smith, conveyed the property in controversy to appellee Andrew G. Ritter, taking a mortgage to secure the unpaid purchase-money.

October 16th, 1867, Ritter conveyed by warranty deed to Nathaniel Brent, appellant, and took a mortgage to secure notes amounting to two thousand dollars, executed in part payment of the purchase-money.

October 29th, 1867, Ritter assigned the Brent notes and mortgage to one Chambers C. Hamilton.

November 10th, 1867, Chambers C. Hamilton assigned the Brent notes and mortgage to appellees Robert Hamilton and Samuel P. Oyler.

August, 1868, Mrs. Smith commenced suit in the Cass Circuit Court, on the Ritter notes and mortgage.

September 16th, 1868, she took judgment for three hundred and twenty-seven dollars and forty cents and for foreclosure.

The appellant was not made a party to the suit to foreclose the mortgage, though his deed was of record.

October 17th, 1868, the property was sold at sheriff's sale under Mrs. Smith's decree, and bid in for three hundred and ninety-four dollars and twenty-nine cents by appellee John Rottinger. Rottinger afterward assigned his certificate to Hamilton and Oyler, who, by virtue of the same, procured from the sheriff a deed for the property.

February 1st, 1869, Hamilton and Oyler began a suit against Brent, in the Cass Circuit Court, upon the notes and mortgage executed by him to Ritter. In this suit Brent, amongst other defences, pleaded an answer reciting the consideration of the notes, the mortgage by Ritter to Mrs. Smith, etc., and concluding as follows : " That the said Mary A. Smith commenced suit to foreclose the same, and obtained a judgment of foreclosure, and sold said property, and thereby this defendant was totally dispossessed and ousted of the possession of said premises, and has ever since been kept out of possession ; wherefore defendant says that the consideration of said notes has wholly failed, and he prays that the same may be delivered up to him to be cancelled."

June 14th, 1870, there was a trial of the suit of *Hamilton and Oyler* v. *Brent,* and a general finding and judgment rendered for the defendant, Brent.

In 1870, Hamilton conveyed all his interest in the property to Oyler.

At the May term, 1872, of the Cass Circuit Court, Brent brought the present suit against Oyler and the other appellees to redeem.

The complaint only seeks to redeem from the sale on the decree of foreclosure in favor of Mrs. Smith against Ritter. There was no attempt to redeem the mortgage which appellant gave Ritter for the purchase-money, and which was held and owned by appellee Oyler.

The second paragraph of the answer of appellee Oyler set up the judgment in the case of *Hamilton and Oyler* v. *Brent* as an estoppel against appellant's right to redeem. To this para-

Brent *v.* Oyler *et al.*

graph a demurrer was overruled, and appellant excepted, and he refusing to answer further, final judgment was rendered against him.

Brent, not having been made a party to the action by Mrs. Smith against Ritter to foreclose the first mortgage, was not bound by the judgment, and had the right to redeem the land from such sale. But he failed to exercise such right, and when Hamilton and Oyler sought to foreclose the mortgage which he had given Ritter for the purchase-money, he defeated a recovery upon the notes and a foreclosure of the mortgage, by alleging and proving that the consideration of the notes had failed. When he relied upon the foreclosure and sale under the first mortgage and his subsequent ouster, he abandoned his right to redeem the land from such sale. To permit him now to redeem from such sale would work manifest and gross injustice; for he would thereby acquire a title to the land by the payment of the small sum due on the first mortgage, and would hold the land free from the second mortgage, for he has the judgment of the court in his favor, which would prevent a recovery upon the notes and mortgage given by him to Ritter for the purchase-money. The law will not lend its aid to the consummation of such a monstrous fraud. The appellant is, upon every principle of justice and equity, estopped from redeeming under the first mortgage. The question is not before us, and we do not decide, whether he might redeem by paying the amount secured by both mortgages.

In our opinion, the second paragraph of the answer of appellee Oyler constituted a complete bar to the action, and the court committed no error in overruling the demurrer thereto.

The judgment is affirmed, with costs.