## DIXON ET AL. *v.* HUNTER.

MORTGAGE.—*Recording Assignment.—Notice.*—Prior to the taking effect of the act of March 6th, 1877, (Acts 1877, Reg. Sess., p. 99,) which provides for recording assignments of mortgages, there was no statute requiring such record and making it notice, and therefore assignees were guilty of no laches in not recording such assignments.

SAME.—*Foreclosure by Assignee.—Rights of Junior Mortgagee.—Pleading.— Former Adjudication.*—In an action for foreclosure, prior to the taking effect of such act, by an assignee who had not placed his assignment on record, against the mortgagee, mortgagor and a junior mortgagee, the latter answered, that theretofore, after the date of the assignment to the plaintiff, in an action by a third person against the senior mortgagee and the mortgagor, such senior mortgage had been adjudged satisfied, and that, relying upon such decree and without notice of the assignment to plaintiff, he had, in good faith, taken his mortgage. *Held*, on demurrer, that the answer is insufficient.

From the Ripley Circuit Court.

*W. D. Willson* and *T. E. Willson,* for appellants.

*G. Durbin,* for appellee.

HOWK, J.—The appellee, as plaintiff, sued the appellants, as defendants, in the court below.

In his complaint, the appellee alleged, in substance, that on the 19th day of May, 1868, the appellant Rebecca Dixon and her husband, John Dixon, then in full life but since deceased, executed a mortgage, conveying to the appellant Archelaus Lingo the real estate in Ripley County, Indiana, therein described, as security for the payment of two notes, of even date with said mortgage,

each for the sum of three hundred and twenty-five dollars, executed by the mortgagors, and payable in one and two years from date to the order of said mortgagee; that the said mortgage was duly recorded in the recorder's office of said Ripley county, on the 27th day of May, 1868; that the note payable one year after date had been fully paid; that the appellant Archelaus Lingo assigned in writing the said mortgage, and, without writing but by delivery, the said note payable two years after date to one Jeptha Fleming, who assigned, in writing, the said note and mortgage to the appellee, and said note was due and unpaid. Copies of the said last-mentioned note and mortgage, and of the written assignments thereof, were filed with and made parts of the complaint; and the said Archelaus Lingo was made a defendant to answer as to his interest in said note. The appellant Joseph Dunlap was made a defendant, as a junior mortgagee; and the other appellants were made defendants, as the only heirs at law of said John Dixon, deceased. And judgment was demanded for six hundred dollars, the foreclosure of the mortgage, the sale of the property, etc.

To this complaint, the appellant Joseph Dunlap separately answered in five paragraphs; but subsequently he withdrew the first and fourth paragraphs of said answer, leaving in the record only the second, third and fifth paragraphs thereof. The appellee's demurrers to the said second, third and fifth paragraphs of said Joseph Dunlap's answer, for the want of sufficient facts in either paragraph to constitute a defence to the action, were severally sustained by the court below, and to these decisions the appellants excepted. The appellant Archelaus Lingo answered the complaint, admitting his transfer of the note and mortgage sued on to Jeptha Fleming. The appellant Joseph Dunlap failing to answer further, and the other appellants making default, the cause was tried by the court, and a finding and judgment made and rendered in

favor of appellee, for the amount due on said note, and for the foreclosure of said mortgage, etc.

The only alleged errors of the court below, assigned by the appellants in this court, are the decisions of the former court, in sustaining the appellee's demurrers to the second, third and fifth paragraphs of said Dunlap's answer. These three paragraphs of answer set up substantially the same defence. We need not set them out in detail, but we will give the substance of the defence relied upon by said Joseph Dunlap, in each of said paragraphs of answer. Before doing so, however, we may premise, that it appears from the exhibits filed with appellee's complaint, that the mortgage sued upon was assigned by the mortgagee, Lingo, to said Jeptha Fleming, on the 19th day of May, 1869, and that both the note and mortgage sued on were assigned by said Fleming to the appellee, on the 24th day of November, 1869.

The appellant Dunlap's defence to appellee's action may be summarized, as follows: That on the 1st day of March, 1873, in an action in the court below, wherein one William S. Rice was plaintiff, and said Rebecca Dixon and John Dixon, her husband, then living, and said Archelaus Lingo, the mortgagee in the mortgage sued on in this action, were defendants, the said court rendered judgment that said mortgage had been fully paid off and satisfied, which said judgment was of record in the proper order book of the court below; that no record was ever made of the assignments of the mortgage sued on, and that said Dunlap had no notice, actual or otherwise, that any assignment of said mortgage had ever been made by said Archelaus Lingo or any other person; that on the faith of said judgment of satisfaction of said mortgage, and fully believing that said mortgage was paid off and satisfied, the said Joseph Dunlap, in good faith, on the 7th day of March, 1873, took from said John and Rebecca Dixon, then the owners of said real estate, a mortgage thereon to secure the payment of their

note to him, of the same date, for six hundred and twenty-five dollars, payable five years after date; that his said mortgage and note were wholly unpaid and unsatisfied; and that said judgment of satisfaction of the mortgage sued on by the appellee was unreversed and then in full force. And said Dunlap asked that his said mortgage might be declared a prior lien on said real estate to the mortgage sued on by appellee.

It is a clear proposition, we think, too plain for argument, that the appellee's demurrers were properly sustained by the court below to the second, third and fifth paragraphs of said Dunlap's answer. At the time the mortgage sued upon by the appellee was assigned by the mortgagee to Jeptha Fleming, or by said Fleming to the appellee, and, indeed, until the laws of 1877 were "published and circulated in the several counties of this State, by authority," there was no law or statute providing for the record of the assignments of mortgages, and making such record notice. Therefore, no laches can be imputed to the appellee or his assignor. It will not do to say that the appellee is bound and concluded, or in any wise affected, by the judgment of satisfaction of said mortgage against the mortgagee, made and entered long after the mortgagee had ceased to have any interest in the mortgage debt, without any notice, actual or constructive, of the proceedings and judgment, to the appellee, as the holder of said mortgage debt. This conclusion is in strict harmony with the doctrine of the case of *Hasselman* v. *McKernan*, 50 Ind. 441. But it seems to us that the case of *Lapping* v. *Duffy*, 47 Ind. 51, is decisive of the case at bar. In the case last cited, the mortgagee, after he had parted with the mortgage debt, was induced to enter an acknowledgment of satisfaction of the mortgage, on the record thereof; and it was held by this court, that such entry of satisfaction did not affect the rights of the holder of the mortgage debt, and that incumbrancers whose liens were acquired after such entry would not be

protected as purchasers for value, without notice of such prior lien.

By an act approved March 6th, 1877, to amend section 7 of "An act concerning mortgages," approved May 4th, 1852, (2 R. S. 1876, p. 335,) the law on this subject of the assignment of mortgages has been, as we think, wisely changed and improved. By this amendatory act, which became a law on the 2d day of July, 1877, provision is made for the record of the assignments of mortgages, and "the mortgagor and all other persons shall be bound" by the record thereof. Acts 1877, Reg. Sess., p. 99

In our opinion, no error was committed by the court below, in sustaining the appellee's demurrers to the second, third and fifth paragraphs of said Joseph Dunlap's separate answer.

The judgment of the court below is affirmed, at the appellants' costs.