## RICKETTS v. DORRELL.

SURVEY.—*Appeal From.*—*Motion to Dismiss.*—*Practice.*—A motion to dismiss an appeal taken under section 8 of the act touching county surveyors, 1 R. S. 1876, p. 865, from a survey of land made by the county surveyor, or to strike out a complaint filed therein, should point out the grounds of the motion.

SAME.—*Demurrer.*—*Dismissal.*—Where such appeal is taken by simply filing a complaint, alleging objections to such survey, unaccompanied by the papers in the surveyor's hands touching such survey, and copies of the field notes, the complaint is insufficient on demurrer, and the appeal should be dismissed.

From the Ohio Circuit Court.

*H. W. Harrington*, for appellant.

*A. C. Downey*, *D. T. Downey* and *H. S. Downey*, for appellee.

PERKINS, J.—Appeal from the survey of a county surveyor, taken under section 8 of the act touching county surveyors, 1 R. S. 1876, p. 865, which reads as follows:

" Sec. 8. The survey of such surveyor shall be *prima facie* evidence in favor of the corners so established, and the lines so run, but an appeal may be taken to the circuit court within three years, and such court may reverse such survey; and upon such appeal being prayed for by any person, such surveyor shall forthwith transmit the papers in his hands touching the same, and copies of the field notes in the case complained of, without requir-

ing an appeal bond, and such court, in the trial of such appeal, may receive evidence of other surveys of the same premises, made by the same or other persons, either before or since the one complained of, and if such court shall decide against such surveyor, it shall enter an order for a re-survey, and such new survey may be made by any other competent person whom the court may designate, from whose decision an appeal may be in like manner had."

The statute does not particularly describe the mode of taking the appeal. In this case, it was taken by a complaint, filed on the 25th day of May, 1874, in the circuit court, setting out objections to the survey, and praying an appeal. This complaint was served upon the county surveyor, and he made this return to it:

" The above document, in the nature of an appeal, was placed in my hands on Saturday, May 23d, 1874, at $5\frac{1}{4}$ o'clock P. M., and is now delivered to the clerk of the circuit court of Ohio county, Indiana, May 25th, 1874, at $8\frac{1}{4}$ o'clock A. M.    GEORGE W. MORSE,
"Sur. O. C., Indiana."

No other paper was filed in the clerk's office by the the surveyor.

In the circuit court, the defendant moved to dismiss the appeal, but mentioned no cause for dismissal. The court overruled the motion. This was right. If the cause for the dismissal had been pointed out, the defendant might have remedied the defect.

A motion was then made to strike out the complaint, specifying no cause. For this reason, the motion was rightly overruled.

The defendant then demurred to the complaint, for want of sufficient facts. The demurrer was overruled, and exception taken.

We think the court erred in its ruling upon the demurrer. The statute provides, that, upon prayer of appeal, which should be made to the surveyor, " such sur-

veyor shall forthwith transmit the papers in his hands touching the same, and copies of the field notes in the case complained of." No such papers were transmitted. No appeal was ever perfected. This case may be assimilated to an appeal from a justice of the peace, where he had transmitted no papers in the case to the appellate court, except the motion or prayer of appeal. In such case, there could be no cause of action before the appellate court; no perfected appeal; and, if the appellant did not take steps to perfect his appeal, it would necessarily be dismissed.

The mode of taking an appeal in this case was not conformable to the statute; still it might operate as a motion or prayer of appeal, when filed with the surveyor; and demurrer was an informal mode of objecting to it; but, as it specified causes which brought the defects in the appeal before the court, and the appellant took no steps to supply them, the court should have sustained the demurrer, as being substantially a motion to dismiss, for cause.

Perhaps, on the return of this cause, the plaintiff may interpose a motion to have the appeal perfected. As to this we decide nothing. See Bicknell Civ. Pr., 2d. ed., p. 438; *Keesling* v. *Truitt*, 30 Ind. 306.

The judgment is reversed, on the appellee's cross-assignment of error, and at the costs of the appellant.