### KELLOGG ET AL. *v.* TOUT ET AL.

VENDOR'S LIEN.—*Sale by Commissioner in Partition.—Foreclosure for Purchase-Money.—Decree.—Judgment.—Appraisement.—Sheriff's Sale on Certified Copy, Issued after Death of Debtor.—Revivor.—Complaint by Heirs, to*

Kellogg *et al. v.* Tout *et al.*

*Redeem.—Exhibit.—Demurrer Carried Back.*—Certain tracts of land having been sold, and certificates of purchase issued, severally, to purchasers, by a commissioner in partition, and one of the purchasers having obtained assignments of the certificates of the others, the commissioner obtained a judgment against him for the unpaid balance of the purchase-money, and a decree of foreclosure, subject to appraisement; and, the judgment debtor then dying, the real estate was sold at sheriff's sale, to a third person, for the sum necessary to satisfy such decree and costs, and a sheriff's deed was duly made, on a certified copy of such decree, issued subsequent to the decease of the debtor. The heirs of the debtor then sued the sheriff's grantee, seeking to redeem, or to obtain a decree for the purchase-money paid by the decedent, setting out in their complaint the record of such proceedings, alleging the foregoing facts, and averring that such sale was invalid.

*Held,* on demurrer to the answer, carried back to the complaint, that such record forms no part of the complaint, which is insufficient.

*Held,* also, that, in such case, sale upon the certified copy of the decree was proper, that it was not necessary to revive the decree against the heirs, and that it was properly issued after such decease.

*Held,* also, that an averment that the sale was invalid because " no valid appraisement had been made " is an averment of a conclusion of law.

*Held,* also, that the heirs were not entitled to either form of relief sought.

*Held,* also, that, though there may have been erroneous rulings, adverse to the plaintiffs, upon demurrer to the answer, and on the trial, yet, as the complaint was insufficient, judgment against them was proper.

From the Marion Superior Court.

*C. P. Jacobs,* for appellants.

BIDDLE, J.—Complaint to redeem lands from a judicial sale, or, in the alternative, to recover for payments made, and declare the same a lien upon the lands. The complaint contains two paragraphs; but, as the second states the cause of action more fully than the first, and is the one mainly relied upon by the appellants, we omit the first, and state the material facts averred in the second, as follows:

That the plaintiffs are the children and heirs of Henry S. Kellogg, who died June 27th, 1860; that, before and at the time of his death, he was the equitable owner, in fee-simple, of certain lands, which are particularly described,

subject to an equitable lien in favor of the grantor, who made sale of the lands as a commissioner under certain judicial proceedings in petition for partition ; that the title of Kellogg was evidenced by a certificate of purchase executed by the commissioner to him, bearing date December 22d, 1855.

The complaint here sets out the proceedings in partition, resulting in a sale by the commissioner of the premises, which consisted of certain lots numbered 1, 2, 3, 4, 5, 6, 7 ; that the terms of the sale were one-third of the purchase-money in hand, and the balance in two equal annual instalments ; that Kellogg purchased at the sale lots 1, 3, 5, 6, 7 ; that Henry Brancamp purchased lot 2, and Lewis Morris lot 4 ; that each of the purchasers paid the first instalment, and secured the remaining instalments ; and each received a certificate of purchase accordingly from the commissioner making the sale ; that Kellogg purchased lot 2 of Brancamp, and lot 4 of Morris, and took their certificates of purchase by assignments from them, thus making Kellogg the equitable owner of the seven lots.

The complaint then avers, that, upon non-payment of the third instalment due upon the lots, the commissioner, on the 2d day of December, 1859, brought suit against Kellogg to collect the balance due, and to foreclose the equity of redemption in the certificates of purchase, and obtained judgment against Kellogg for the amount due, subject to appraisement, and a decree of foreclosure upon the certificates ; that afterwards, upon the 27th day of June, 1860, in the forenoon, and after the death of Henry S. Kellogg, a certified copy of said judgment and decree of foreclosure was issued and delivered to the sheriff of Marion county, by virtue of which, and without any other authority, he sold the lands to Sarah E. Tout, and other persons named, for the amount due on the judgment, interest and costs,

which thus became wholly satisfied—making a complete transcript of the record and return of the sheriff thereon an exhibit; that, in pursuance of the sale, the sheriff executed a deed to the purchasers, who entered into possession of the premises under the same, and not otherwise; that the sale is invalid, because no execution was ever issued to the sheriff thereon, but only a certified copy of said decree, and because the writ, if otherwise legal, was issued after the death of Kellogg, the defendant thereto, and the sale made without any revivor of the judgment and decree against the plaintiffs, or any of the heirs of Kellogg, deceased, and, further, because there was no valid appraisement of the rents and profits of said lands, and no valid appraisement of the fee simple of said lands, ever made as required by law; that, before the commencement of this suit, the plaintiffs demanded an accounting of defendants, which they refused; that Kellogg had paid certain sums of money on his purchase from the commissioner, before the sale under the decree of foreclosure was made, which enured to the benefit of the property, and of all of which the defendants had notice at the time they purchased under the decree.

Prayer to redeem, or to recover for the payments thus made, etc.

An answer of nineteen paragraphs was filed to the complaint, to several of which demurrers, alleging as ground the insufficiency of the facts therein stated to constitute a defence, were overruled, and to others sustained. We do not particularly state the several paragraphs of answer, as the demurrers to them reach the complaint and test its sufficiency, which is the first question for our consideration.

In examining the complaint we may premise by saying that the record of the judgment, decree and sale under which the appellees claim, is not the foundation of the appellants' action, and therefore is not properly an exhibit to

be filed with the complaint; and filing it, when not a proper exhibit, does not aid the averments in the complaint in the least. Indeed, the record is not before us at all. *Trueblood* v. *Hollingsworth*, 48 Ind. 537. We must look, therefore, to the averments of the complaint proper for its sufficiency. The proceedings, judgment and decree foreclosing the equity of redemption of the certificates of purchase held by Henry P. Kellogg, and the sale made under them, must be held valid unless the averments in the complaint show them to be void. It is not enough to show merely an irregularity; they must be shown to be void. The averments against the validity of the proceedings and sale are,

1st. That no execution was ever issued thereon;

2d. That the sale was made by the sheriff on a certified copy of the decree;

3d. That the copy of the decree, upon which the sale was made, was issued and placed in the hands of the sheriff for execution, after the death of Kellogg, the judgment defendant;

4th. That no valid appraisement of the rents and profits of the lands was made before sale; and,

5th. That no valid appraisement of the fee-simple in said lands was made before the sale.

We may say at once, that there is no validity in the first and second objections taken as above. No execution, except the copy of the decree, is necessary in such cases, when there is no personal judgment for a deficiency; and the copy of the decree is the proper authority for the sheriff to make the sale.

The third objection presents a more difficult question. This court has decided, that, when lands have been levied upon by a *fieri facias*, and the judgment defendant dies before execution, the sheriff may still advertise and sell the same, notwithstanding his death, and without revivor; *Doe* v. *Heath*, 7 Blackf. 154; and, also, has decided,

that, when such levy has been made, a *venditioni exponas* may be issued after the defendant's death, and the sale of property made under it. *Doe v. Hayes*, 4 Ind. 117. When there is a decree of foreclosure of a mortgage, and no personal judgment for any deficiency, and no execution issued thereon before the death of the mortgagor, an action will not lie to revive the judgment, upon the ground that it is unnecessary, as the execution may be issued and the sale made after the death of the judgment defendant, without revivor. *Hays v. Thomae*, 56 N. Y. 521. RAPALLO, J., in delivering the opinion of the court in the case, said:

" We think that this action was unnecessary. The decree made and entered before the death of the mortgagors could be executed notwithstanding their death, and binds all persons claiming any interest under them. It is to be enforced only by a sale of their interest in the property. No part of it is to be enforced *in personam*. The case of *Harrison* v. *Simons* (3 Edw. Ch. R. 394) is in point, and was, we think, correctly decided. There the death took place before enrollment of the decree. The court held that the death did not prevent the enrollment, and consequently did not prevent the execution of the decree, and denied the application to revive, as unnecessary."

There seems to be a distinction, as to the effect of the death of a sole defendant after judgment and before execution, between judgments *in personam*, which can not be executed except by a writ that authorizes the officer to levy upon any property of the defendant subject to execution, and judgments *in rem*, which require no writ of execution, and can not be executed except in the particular manner decreed. In the former class of cases, a writ of execution issued after the death of a sole defendant is void; in the latter class of cases, where the decree is its own authority for execution, and where nothing can be done except what was adjudicated in the lifetime of the parties, it may be executed after the death of a sole defendant. The case we

:are considering falls within the latter class.   Decrees upon mortgages, where there is no judgment *in personam* for a contingent deficit, are executed by a copy of the order of sale;  2 R. S. 1876, p. 263, sec. 635;  and a vendor of real estate may proceed upon his unpaid lien for the pur-:chase-money, the same as if it was secured by a mortgage. *Amory* v. *Reilly,* 9 Ind. 490;  *Jackson* v. *Snell,* 34 Ind. 241; *Milligan* v. *Poole,* 35 Ind. 64;  *Wilson* v. *Fatout,* 42 Ind. 52.

:   The averments, that there was no valid appraisement of the rents and profits of the lands sold, and no valid appraisement of the fee-simple of the lands, are wholly insufficient.   They imply that there was an appraisement of the rents and profits, and also of the fee, yet aver no fact showing wherein and why said appraisement was :invalid.   The averments are simply conclusions of law, and not statements of facts.

It appears to us that the complaint is insufficient to show that the proceedings under which the appellees claim the lands in dispute were void;  and, being insufficient, the appellants can not complain because the judgment is against them, although there may be error in the rulings upon their demurrers to appellees' answers, and also at the trial of the case.   The appellants can not redeem the lands, after foreclosure and sale, unless the proceedings are void; and, not being void, they are not entitled to recover back any part of the purchase-money paid.

The following cases may be consulted as throwing light upon the question here discussed :   *Doe* v. *Harter,* 1 Ind. 427;  *Whitehead* v. *Cummins,* 2 Ind. 58;  *Wilkins* v. *DePauw,* 10 Ind. 159; *Julian* v. *Beal,* 26 Ind. 220;  *May* v. *Fletcher,* 40 Ind. 575;  *Davis* v. *Langsdale,* 41 Ind. 399; *McKernan* v. *Neff,* 43 Ind. 503;  *Brent* v. *Oyler,* 49 Ind. 453;  *Coombs* v. *Carr,* 55 Ind. 303;  *Baker* v. *Armstrong,* 57 Ind. 189;  *Dixon* v. *Hunter,* 57 Ind. 278; *Ricketts* v. *Dorrell,* 59 Ind. 427;  *Britz* v. *Johnson, post,* p. 561.

·    The judgment is affirmed, at the costs of the appellants.