No. 9969.

## COOPER v. THE STATE.

CRIMINAL LAW.—*Indictment.—Endorsement.*—An indictment must be endorsed "A true bill" and the endorsement signed by the foreman of the grand jury, and unless so endorsed a motion to quash the indictment will be sustained; and, where the indictment copied into the record shows the lack of such endorsement, it will be regarded as a defect apparent on the face of the indictment.

SAME.—*Practice.—Bill of Exceptions.*—Whatever is properly a part of the record need not be made so by a bill of exceptions; and, as the endorsement forms a material part of the indictment, a bill of exceptions is not necessary to present that question.

SAME.—*Counts in Indictment.—Evidence.—Record.— Verdict.*—It is not necessary that all the counts of an indictment should be sustained; if the evidence fully sustains one good count, a general verdict will be sustained; *contra*, if the record affirmatively shows that the verdict is on a bad count.

SAME.—*Larceny.*—An offence may be charged in different ways in the indictment, to prevent defeat by variance or failure of proof. And an indictment for larceny, consisting of several counts, is not bad, because in each count a different person is named as the owner of the property.

From the Kosciusko Circuit Court.

*A. G. Wood, A. Brubaker, J. H. Brubaker, C. Clemans* and *A. C. Clemans,* for appellant.

*D. P. Baldwin,* Attorney General, *W. W. Thornton* and *J. D. Widaman,* Prosecuting Attorney, for the State.

ELLIOTT, C. J.—Appellant was convicted of larceny, and from the judgment entered against him prosecutes this appeal.

The indictment does not contain any endorsement by the foreman of the grand jury. The record does not show that the bill returned into court was endorsed. It is entirely silent upon this point. The statute imperatively requires that all indictments shall "be endorsed 'A true bill,'" and that this endorsement shall be signed by the foreman of the jury. R. S. 1881, section 1669. In *Johnson* v. *The State,* 23 Ind. 32, it was held that if the indictment was not endorsed "A true bill" and this endorsement properly subscribed, a

motion to quash should be sustained. This ruling is in full harmony with the doctrine of the text-writers and the ad-judged cases. It is in line with the decision in *Heacock* v. *The State*, 42 Ind. 393. The question as to the effect of a statement in the record, that the indictment was duly endorsed and signed by the foreman, is not before us, for the reasons that the record contains no such statement.

The indictment copied into the record reveals the lack of the requisite endorsement. The defect is apparent upon an inspection of the pleading. It must therefore be regarded as a defect apparent upon the face of the indictment. The term "matters appearing upon the face of the indictment" means such matters as are found within "the eight corners of the paper." The endorsement is made by statute an essential element of the indictment, and its absence is a defect for which a motion to quash will lie.

A bill of exceptions is not needed to present the question whether an indictment is or is not endorsed. The endorse-ment forms a material part of the indictment, and is, there-fore, strictly a part of the record. If it does not appear in the transcript, then it must be presumed that none was made. We can not supply a material part of an indictment by in-tendment. What is properly a part of the record need not be exhibited by a bill of exceptions, nor does it need a bill of exceptions to show that an essential element of an indict-ment or other pleading was in fact lacking. If the pleading is in the record without such an element, it will be held that the pleading never contained the absent element.

Appellant's counsel argue that, where there are several counts in an indictment, each count must be sustained or a general verdict will be bad. This is not the law. It is not essential that all of the counts should be sustained. If the evidence fully sustains one good count, a general verdict will stand. Where, however, the record affirmatively shows that the verdict is upon a bad count, the conviction can not be sus-tained. *Willey* v. *The State*, 46 Ind. 363.

The indictment charges the larceny in separate counts, and in each the goods stolen are alleged to be the property of different persons, or, to state the proposition more definitely, in each count a different person is named as owner. We think this was proper. An indictment may consist of several counts. The offence may be charged in different ways, in order to prevent defeat by variance or failure of proof. In *People* v. *Connor*, 17 Cal. 354, the objection was made that it was bad pleading to name different owners in different counts, but the court held, that the objection was without force, saying : "This is not charging different offences, but charging the same offence in different forms. The offence is the larceny of this property. The description or averment of ownership is but a mode, or a portion of the mode of describing the offence." *Cash* v. *The State*, 29 Tenn. 111 ; *State* v. *Tuller*, 34 Conn. 280.

Other questions are discussed, but it is not probable that they will arise upon another trial, and we do not consider them.

Judgment reversed.