No. 12,464.

## THE STATE *v.* BOWMAN.

CRIMINAL LAW.—*Indictment.*—*Endorsement by Foreman in Wrong Place.*— *Motion to Quash.*—It is error to quash an indictment merely because the name of the foreman is endorsed in the wrong place, viz., preceding the words "A true bill," instead of on a line with the word "foreman."

From the Monroe Circuit Court.

*F. T. Hord,* Attorney General, and *J. E. Henley,* for the State.

*J. W. Buskirk* and *H. C. Duncan,* for appellee.

ELLIOTT, J.—The trial court quashed the indictment, for the alleged reason that the endorsement, "A true bill," was not properly subscribed by the foreman of the grand jury. The indictment is endorsed as follows:

"Charge:
"Selling without license.
"William Peterson.
. "A true bill.
"_____ _____, Foreman."

It appears from the record that William Peterson was the foreman of the grand jury, and the fault in the endorsement is that he signs above the words, "a true bill," and not on a line with the word "foreman." It has long been the rule that a motion to quash will be sustained unless the indictment is endorsed by the foreman of the grand jury. *Johnson* v. *State,* 23 Ind. 32; *Heacock* v. *State,* 42 Ind. 393; *Cooper* v. *State,* 79 Ind. 206. In the last case, it is strongly intimated that if the record affirmatively showed that the indictment was endorsed by the foreman, the motion would not prevail. We think the record before us does show this. It appears that William Peterson was the foreman of the grand jury; that the indictment was brought into open court, and the name of William Peterson is written on the back of the indictment. As there was but one William Peterson on the

The State *v.* Bowman.

jury, and as his name appears on the back of the indictment, the sensible and only natural presumption is, that the signature on the back of the indictment is that of the foreman of that name appointed by the court. The placing of the name above, instead of below the words "A true bill," ought not to destroy the validity of the endorsement, nor should the failure to add the descriptive word "foreman" be permitted to have the effect to render the indictment bad. The name of the foreman is endorsed on the indictment, and the only mistake is in the position in which the name is placed. Bishop gives the proper form for the endorsement of the indictment and adds: "But it is sufficient in law merely to write his name, with no mention of official character, because the latter appears of record. For the like reason, where his whole name is in the record, a signature by initials for his Christian name is adequate." This author also says: "It is immaterial on what part of the bill the foreman's signature appears." 1 Bishop Crim. Proc. (3d ed.), section 698.

It is evident that the error in the form of the endorsement could not have prejudiced the substantial rights of the appellant, and in such cases the statute makes it our duty to disregard all merely technical errors. This is a general rule, and is in harmony with the provision of the statute that an indictment is sufficient when it can be understood therefrom "That the indictment was found by the grand jury of the county" (R. S. 1881, section 1755), and with the further provision that an indictment shall not be quashed "For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." R. S. 1881, section 1756. *Stout* v. *State,* 96 Ind. 407; *Galvin* v. *State,* 93 Ind. 550; *Wood* v. *State,* 92 Ind. 269, see p. 272.

Judgment reversed, with instructions to overrule the motion to quash.

Filed Sept. 22, 1885.