The State *v.* Buntin.

Filed April 3, 1890.

No. 15,253.

THE STATE *v.* BUNTIN.

CRIMINAL LAW.—*Indictment.*—*Insufficiency of.*—In the absence of the endorsement "A true bill" upon the back of an indictment, although the name of the foreman of the grand jury is endorsed thereon, the indictment is bad, and may be taken advantage of by a motion to quash.

From the Boone Circuit Court.

*L. T. Michener*, Attorney General, and *C. M. Zion*, Prosecuting Attorney, for the State.

*T. J. Terhune*, for appellee.

BERKSHIRE, J.—This is an appeal by the State. The court below quashed the indictment. The appellee files no brief. We learn from the appellant's counsel that the indictment was quashed because of the absence of the words "A true bill," on the back of the indictment. Upon an examination of the record, we learn that the foreman of the grand jury endorsed his name upon the back of the indictment, but nowhere do the words "A true bill" appear.

The statute, section 1669, requires that the prosecuting attorney sign the indictment, and that it be endorsed "A true bill," and the foreman's name subscribed thereon. This statute is imperative.

The State *v.* Buntin.

Section 1670 provides that as soon as the indictment has been returned into court, it shall be the duty of the judge to examine it, and if the foreman has neglected to endorse it "A true bill," with his name signed thereto, that the court must cause the foreman to so endorse it.

In the absence of the endorsement, which the statute imperatively requires, the indictment is bad, and, as it is an infirmity which appears on the face of the record, may be taken advantage of by a motion to quash. The court committed no error in quashing the indictment. *Johnson* v. *State,* 23 Ind. 32; *Heacock* v. *State,* 42 Ind. 393; *Cooper* v. *State,* 79 Ind. 206; *State* v. *Bowman,* 103 Ind. 69; Gillett Crim. Law, section 116. We do not regard *Beard* v. *State,* 57 Ind. 8, to the contrary. In that case the indictment was returned to the Posey Circuit Court, and on change of venue the case was transferred to the Vanderburgh Circuit Court. The transcript as made and forwarded by the clerk of the Posey Circuit Court failed to show the proper endorsement on the indictment, but the court held that the original indictment was a part of the record, and as it appeared to be properly endorsed the court properly overruled the motion to quash. In passing upon the question the judge who wrote the opinion incidentally remarked that the defect in the transcript could not be reached by a motion to quash the indictment.

The judgment of the court below is affirmed.

Filed April 4, 1890.