WALKER v. STATE OF INDIANA.

[No. 1267S154. Filed November 15, 1968.]

*Melville E. Watson,* Greenfield, for appellant.

*John J. Dillon,* Attorney General, *Richard V. Bennett,* Deputy Attorney General, for appellee.

JACKSON, J.—This is an appeal from a conviction of the crime of murder in the second degree. Appellant was first charged with murder—shooting—by indictment filed in the Hancock Superior Court on March 11, 1967. Appellant filed a motion to quash the indictment, which motion was sustained. Thereafter, on May 19, 1967, the prosecuting attorney for said county, without referring said cause to the Grand Jury, caused to be filed in said court an instrument designated Amended Indictment for Murder—Shooting, which instrument was not signed by either the foreman of the Grand Jury or the Prosecuting Attorney, nor did the instrument contain any jurat or purport to have been sworn to. To this the appellant filed written objections and motion to strike the same, such objections and motion were overruled by the court.

Thereafter, appellant filed his motion to quash the so-called amended indictment, after hearing on the motion the court overruled the same.

Thereafter, appellant filed his plea in answer of not guilty, and not guilty by reason of temporary insanity. The State filed answer in general denial to appellant's plea of not guilty by reason of temporary insanity.

Thereafter, the cause was assigned for trial and tried by jury resulting in a verdict of guilty of murder in the second degree.

Thereafter, the court pronounced judgment on such verdict, which in pertinent part reads as follows:

"The court now on the verdict of the Jury finds and adjudges that the defendant, William Walker, guilty of murder in the second degree, as embraced within the amended indictment, that said defendant, William Walker, be and he is hereby sentenced to the Indiana State Prison for and during his natural life."

Thereafter, defendant, in time, filed his motion for a new trial, which, omitting heading, formal parts and signature, in pertinent part reads as follows:

"Defendant, by counsel, in the above entitled cause moves the court for a new trial herein upon each of the following grounds:

1. Irregularity in the proceedings of the court by which defendant was prevented from having a fair trial in this, to-wit:

a. (Omitted—not argued)

b. The court erred in overruling defendant's objections to amendment of the original indictment because of substantive error in the original indictment.

c. The court erred in overruling defendant's motion to strike the amended indictment in this cause due to a substantive change from the original indictment.

d. The court erred in overruling defendant's motion to quash the amended indictment in this cause due to substantive change in the language of the amended indictment from the original indictment.

e. (Omitted—not argued)

2. Misconduct of the Jury in this, to-wit: (Omitted—not argued)

3. That the verdict of the Jury is not sustained by sufficient evidence, to-wit:

a. That at no time was sufficient evidence presented, to show beyond a reasonable doubt, that the alleged shooting was done with malice, an essential and necessary element of second degree murder, which verdict the Jury in this cause returned.

4. That the verdict of the Jury is contrary to law in this, to-wit:

a. The verdict of the Jury is based on a defective indictment, which amended indictment should properly have been stricken and quashed because of substantive

change from the original indictment, which change was not submitted to the Grand Jury and signed by the foreman or approved by the prosecuting attorney.

b. (Omitted—not argued)

c. The court erred in refusing to give defendant's tendered instructions numbered 5, 8, 9, 11, 12, 13, 15, 16, 17, 18, 20, 22, 23, 25, 29, 30, 31, 32, 33 and 34.

5. Error of law occurring at the trial as follows:

a. (Omitted—not considered necessary to discuss in view of the determination we must make.)

b. Court erred in refusing to give defendants' tendered instructions above numbered under 'c' in paragraph 4.

In support of the above motion defendant filed a memorandum which we deem it unnecessary to include herein.

Appellant's motion for a new trial was overruled and this appeal followed.

Appellant's assignment of errors is the single specification:

"1. The Court erred in overruling appellant's motion for a new trial."

In arriving at a determination of the issues presented by the case at bar we deem it unnecessary to incorporate any of the evidence adduced in the trial of this cause.

The main thrust of the appellant's appeal is on the theory, first, the court was without jurisdiction in this cause, and second, that there was no proof of malice, which was necessary to sustain defendant's conviction for murder in the second degree.

We need not go beyond the first specification hereinabove mentioned in arriving at such determination. The jurisdiction of the court after sustaining the motion to quash the original indictment was never invoked by the State of Indiana.

The offense of murder can only be instituted in the State of Indiana by indictment and this is jurisdictional. *State ex rel. Spurlock* v. *Reeves* (1949), 227 Ind. 595, 87 N. E. 2d 725; *Pease* v. *State* (1921), 74 Ind. App. 572, 129 N. E. 337.

Burns' Indiana Statutes Annotated (1956 Repl.) Vol. 4, Pt. 1, § 9-1130, provides in part as follows:

"Accused, when not discharged.—If the motion to quash be sustained the defendant shall not be discharged, unless the court should be of opinion that the objection can not be avoided by a new indictment, or affidavit. And in case an indictment or affidavit is quashed, *the court shall direct the case to be resubmitted to the grand jury* which found the indictment, or to another grand jury, or the prosecuting attorney may file a proper affidavit against the defendant, charging him with the offense." (Emphasis supplied)

The original indictment was quashed, the case was not resubmitted to the grand jury which found the indictment, or to another grand jury, and the court was without jurisdiction in this cause.

The motion to quash when sustained ends the prosecution under the pending affidavit or indictment though the prosecution may be refiled by following § 9-1130 Burns' 1942 Repl. *Zehrlaut* v. *State* (1951), 230 Ind. 175, 102 N. E. 2d 203; *State* v. *McCarty* (1962), 243 Ind. 361, 185 N. E. 2d 732.

This the State wholly failed to do and the court was without jurisdiction to proceed with the trial. The judgment is a nullity. *State* v. *Reeves, supra; Pease* v. *State, supra; West* v. *State* (1950), 228 Ind. 431, 92 N. E. 2d 852.

Burns' Indiana Statutes Annotated (1956 Repl.), Vol. 4, Pt. 1, § 9-901, provides:

"Indictment—How found.—At least five (5) of the grand jurors must concur in the finding of an indictment; and when so found it must be signed by the prosecuting attorney; and it must also be indorsed by the foreman of the grand jury, 'A true bill,' and he must subscribe his name thereon as foreman."

These two statutes, § 9-1130 and § 9-901, are mandatory, substantive and jurisdictional, and the defendant's objections, motion to strike and motion to quash the so-called amended indictment properly raised the question

and the court erred in overruling the same and proceeding with the trial of the defendant.

Said statutes are mandatory and must be obeyed. *West* v. *State, supra; Bledsoe* v. *State* (1945), 223 Ind. 675, 64 N. E. 160, 166; *The State* v. *Buntin* (1890), 123 Ind. 124, 23 N. E. 1140; *Cooper* v. *The State* (1881), 79 Ind. 206.

The judgment of the trial court must be and is hereby reversed and said cause is remanded with instructions to grant appellant's motion to quash the so-called amended indictment, to grant appellant's motion for a new trial and for such further proceedings as are necessary under this opinion.

Lewis, C. J., and DeBruler and Hunter, JJ., concur; Arterburn, J., concurs in result.

NOTE.—Reported in 241 N. E. 2d 792.