Reginald BROOKS, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 45A03–8706–CR–166.

Court of Appeals of Indiana, Third District.

Feb. 8, 1988.

Rehearing Denied April 6, 1988.

Daniel L. Bella, Appellate Div., Lake Superior Court, Crown Point, for defendant-appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Brooks was charged with child molesting (deviate conduct), a Class C felony. At the conclusion of the state's case the court granted judgment on the evidence against the state on the principal charge but indicated it would submit to the jury attempted child molesting (deviate conduct) a Class C felony, and child molesting (fondling) a Class D felony. The jury convicted Brooks of the Class D felony. No objection was made at trial or in the motion to correct errors to the Class D felony charge.

On appeal Brooks contends that the Class D felony which requires fondling is not a lesser included offense of the Class C felony charging deviate sexual conduct which is defined as an act involving a sex organ of one person and the mouth or anus of another person. Brooks additionally asserts that so instructing the jury constituted fundamental error so that no waiver occurred as the result of his failure to object at trial or raise the issue in his motion to correct errors. However, he cites no authority for this assertion.

In *Buck v. State* (1983), Ind., 453 N.E.2d 993 our supreme Court stated that the deviate conduct offense and the fondling offense were separate and distinct crimes and neither was a lesser included offense of the other. In this manner the court justified conviction of Buck on both counts. (From the facts it appears that the court might have sustained both convictions simply on the basis that they were factually separate events.)

Despite ordinary perception that the Class D felony of fondling or touching with intent to arouse or gratify sexual desires should be a lesser included offense, the lead opinion in *Hawk v. State* (1987), Ind. App., 506 N.E.2d 71 noted that reference to intent to gratify in the Class D offense was a distinguishing feature since such intent was not a specific element of the offense of having intercourse with an underage person. The same can be said where the gravamen of the Class C felony is deviate sexual conduct. Thus, despite the provision of IC 35-41-1-16(3) which defines an included offense to include an offense which differs from the offense charged only in that a less serious harm or risk of harm is required, the *Hawk* court felt bound by *Buck*. So do we. Under the constraint of *Buck* we hold the Class D felony was not a lesser included offense to the Class C felony charged in the information.

The question then remaining is whether the court committed fundamental error. We conclude that under the facts of this case it did not.

The effect of the court's action at the close of the state's case was to permit an amendment of the charge to include the Class D felony of fondling or touching. It advised the parties it would submit that charge to the jury. Brooks made no objection. Nor did he request a continuance to enable him to meet the charge. He proceeded, instead, with his defense. He subsequently made no objection to the instruction advising the jury that they might find him guilty of a Class D felony, and he raised no objection to the verdict on that ground in his motion to correct errors.

Fundamental error obviating the need for timely objection only exists under our law when the record reveals blatant violations of basic and elementary principles such that the defendant would be denied fundamental due process if the error were not corrected. *Roland v. State* (1986), Ind., 501 N.E.2d 1034. Such is not the case here. Cf. *Rufer v. State* (1980), 274 Ind. 643, 413 N.E.2d 880.

The error was waived for failure to make any timely objection.

Affirmed.

MILLER, J. concurs.

STATON, J., dissents and files separate opinion.

STATON, Judge, dissenting.

I dissent from the Majority Opinion for these reasons:

1. fundamental errors exists;

2. the trial court ignored due process;

3. the amendment statute was not followed.

The Majority Opinion recognizes that the Class D felony was not a lesser included offense of the Class C felony charged in the information. The affirmance of the conviction is justified by stating that there was an amendment to the information and that the defendant failed to object. It treats the attempted amendment by the State as one of form rather than one of substance. This is a regretable oversight by the Majority. Admittedly, the Class D felony was a separate offense; therefore, any amendment which changed the original elements of the offense would amount to an amendment of substance. *Mentzer v. State* (1973), Ind.App., 296 N.E.2d 134. Any amendment of the information as to substance is covered by statute, IC 35–34–1–5(b).

The Statute requires a written notice to the defendant thirty days before the omnibus date and that the amended information be signed by the prosecutor. Neither of these statutory requirements were performed by the prosecutor. No second information containing a new charge upon which a conviction could rest was ever prepared by the prosecutor.

What did happen in an attempt to amend the information? From the exchange at the bench, it appears that the trial court and the State assumed that the Class D felony was a lesser included offense—an instruction was given; however, the motion to amend by the State was an oral motion: "In that case, the State would move to amend by interlineation the charge of molesting, attempted child molesting." There is nothing in the record to indicate whether the trial court ever accepted the oral amendment by interlineation. *Murphy v. State* (1986), Ind., 499 N.E.2d 1077, 1083 (Amendment not effective until the trial court accepts it.). Also, *Mentzer v. State,* supra; *Embry v. State* (1951) 229 Ind. 179, 96 N.E.2d 274 (If intent is an element of the crime, it must be charged.); *Abner v. State* (1986), Ind., 497 N.E.2d 550 at 553 (The elements and the nature of the offense must be set out in the information).

The defendant was denied due process of law when a substantive change in the information was attempted by the prosecutor. A fundamental error occurred when the substantive change was attempted without following the statute. The defendant was not provided with an opportunity to prepare his defense and was not properly advised that a new offense had been charged with different elements of proof required. As Judge Buchanan pointed out in *Lechner v. State* (1982), Ind.App., 439 N.E.2d 1203: "Conviction upon a charge not made or for an offense that is not a lesser included offense of the charged crime constitutes a denial of due process—fundamental error which may be raised for the first time on appeal." (citations omitted) at 1205. No objection from the defendant is necessary.

I would reverse the conviction. As a matter of law, it is a nullity. *Walker v. State* (1968), 251 Ind. 432, 241 N.E.2d 792; Indiana Constitution Article 1, Section 13.