**Reginald BROOKS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S03–8808–CR–754.**

Supreme Court of Indiana.

Aug. 18, 1988.

Daniel L. Bella, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

In this case appellant Brooks, nineteen years of age, was charged with molesting in that he performed sexual deviate conduct upon his thirteen year old cousin. The charge was brought pursuant to I.C. 35–42–4–3(c). At the close of the State's case in chief, the court granted Brooks a judgment on the evidence, because the evidence showed that the misconduct did not include successful connection. The court however indicated that he was prepared to submit the case to the jury upon the lesser included offense of molesting by touching with intent to satisfy sexual desires as defined by I.C. 35–42–4–3(d). The court then did so instruct the jury without objection by defense counsel. The jury found appellant guilty of the lesser offense. No complaint to the court's instruction was made in the motion to correct errors.

On appeal, appellant contended that the trial court committed fundamental error in submitting his case to the jury upon a crime with which he was not charged. The Third District Court of Appeals affirmed the conviction by a split decision, holding that the error of the trial court was not fundamental, and the claim of error was therefore waived on appeal. *Brooks v. State* (1988), Ind.App., 518 N.E.2d 1109. Transfer is granted.

The charge of molesting upon which Brooks was brought to trial did not include the lesser offense of molesting of which he stands convicted. *Buck v. State* (1983), Ind., 453 N.E.2d 993. The record of proceedings shows that when the court granted the motion for judgment on the evidence, the trial prosecutor said he wanted to amend the charge by interlineation and was granted a ten minute recess to research and talk with his supervisor. The court then informed the trial prosecutor that he had already written final instructions to submit the lesser class D felony to the jury. No recess was taken and no amendment occurred.

It is elementary that the trial court has no jurisdiction to bring a criminal charge. *Walker v. State* (1968), 251 Ind. 432, 241 N.E.2d 792. The court here was faced with a failure of proof upon the charge that the defendant was called to defend. There is no authority in the court to amend the charge on his own motion or to initiate additional charges shown by the proof, as was done at this trial. In high volume criminal courts, the danger is ever present that the roles of the court and counsel will be melded. However, it is essential to the fair administration of justice that those roles be restrained to their proper spheres.

Appellant stands convicted of a class D felony with which he was not charged. The claim of error is fundamental, and is

sustained. As a matter of law, the conviction is a nullity. It is therefore reversed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.